No. 13,728.

C. S. BURT CO. ET ALS., LIMITED, vs. THE CASEY & HEDGES MANUFACTURING COMPANY.

SYLLABUS.

1. Whilst the plaintiff did not, as did the defendant in one of its letters, use a word which should not have been used, it was equally as aggressive in its methods to uphold its business. It chose, without first going to law, to charge the defendant with having infringed its rights under the patent it holds.

2. The defendant sought to retaliate by writing to those with whom it dealt or sought to deal.

3. Plaintiff brought suit in the United States Court against the defendant, and defendant against the plaintiff. Each charged the other with fraud against the patent laws. The question as to who is the offending party and who has committed the damages will have to await the determination of the issue as to who was the infringer on the other's patent.

4. Each pleads that the other is the infringer in justification of the letters he has written. That issue can be determined at the same time, or after it will have been determined who has violated the patent laws.

5. One who seeks damages growing out of an alleged libel must, in proper issue, show that he himself is not at fault.

APPEAL from the Civil District Court, Parish of Orleans.— *Ellis, J.*

*Lazarus & Luce,* for Plaintiffs, Appellants.

*Lawrence O'Donnell,* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J. Plaintiff sues the defendant for libel and the damages it avers it, in consequence, has suffered.

Plaintiff has, for a number of years, been engaged in the business of supplying planters with machinery. It is also assignee of the Gordon Hollow Blast patent in the territory in which it carries on its business as dealer in machinery. This firm has the exclusive right to manufacture and sell the Gordon Hollow Blast machines in Louisiana, and other territory mentioned in the deed of transfer to it. It has established a large business, and has the confidence of the business community in which it has its domicile.

It complains particularly of a letter written by defendant, in which it is referred to in terms anything but complimentary, and addressed to a sugar planter to whom each, plaintiff and defendant, was seeking to sell a bagasse burner.

In the course of the competition which arose between them in offering their blast grates and burners to the planters, defendants, in several letters, sought to belittle the plaintiff and used one or more offensive words in these letters calculated to irritate, and even, perhaps, injure plaintiff in the opinior of its customers. Defendant particularly charged the plaintiff in these letters with seeking to create the impression that they were patentees of the Hollow Blast, when they were not.

Defendant brought suit in the United States Court charging plaintiff with having infringed upon its rights as patentee of the furnace contrivance in question, and asked for a perpetual injunction restraining plaintiff from selling or disposing of hollow blast grates which infringed upon defendant's patent. In order not to be outdone by the defendant, plaintiff also instituted suit in the same court against the defendant, and it also claimed that defendant was infringing upon its rights as the assignee of a hollow blast patent. These suits are pending in the court before which they have been brought, and nothing has been done, so far as the record here discloses, to bring the issues to a close. In the pleadings before the United States Court, each lauds his patent, and each charges the other with willful violation of his rights and with fraud. Each claims damages for infringement of patent.

The question of legality and validity of the patents and the extent one may have infringed upon the other being before the United States Court, this court, it follows, is only called upon to determine whether or not patents have been issued; also to decide whether defendant has been guilty of committing a libel upon the good name of the plaintiff.

Years ago, plaintiff and defendant dealt with each other in business. They brought their business relations to an end and there remained no good feeling between them afterwards. Plaintiff conceived the idea that the purpose of the defendant was to compel it to seek other fields in which to carry on its business, while defendant was not slow in arriving at the conclusion that plaintiff was seeking to gain an undue advantage over it in the business of selling boilers, bagasse burners, and other sugar plantation contrivances. The field in which they were engaged in business, the record shows, was inviting. There was ample demand and fair return was to be had. The result was, in seeking business, each conceived that it had grounds to complain, which were freely set forth in letters to customers.

Plaintiff having obtained several of these letters, which were aggressive enough in tone to irritate and even excite, brought this suit. Whilst the defendant, on the other hand, having succeeded in getting a number of letters containing language which it contends is equally as injurious, introduced them in evidence on the trial.

We will dwell for a moment upon the particulars of the case. Plaintiff complains of a letter to which we have already referred, addressed by the defendant to some of their acquaintances among the

sugar planters, in which it took particular pains to say to them that it (Burt & Co.) had never been allowed a patent upon a bagasse burner of any kind.

It appears that Burt & Co. were licensees and assignees, and, as explained by the company, it was scarcely fair to urge that they were not patentees, however true it was. Plaintiff also complains of defendant's assertions that it was a manufacturer's agent in a small way, and that they had no stock of goods; that it resorted to fraudulent methods and charged it with having committed a fraud and offense upon the patent laws.

These charges were unfounded and should not have been made. But when competition for business is sharp, as it was, we infer, in this instance, many things are said and done which were better not said and done.

When it results that a party has been injured in his good name and reputation, he is surely entitled to damages. In this suit, however, it appears that plaintiff also wrote letters and made assertions against defendant and its business. The first letter, charging defendant with infringing upon plaintiff's patent, was written by it prior to any attack having been made by defendant on plaintiff's business.

Plaintiff, as early in the history of these troubles as the year 1896, instead of resorting to law, sought to warn a sugar planter against buying one of defendant's bagasse burners, because plaintiff said it was an infringement upon the patent it held. Plaintiff advances the argument in its defense that years having elapsed since that letter was written, it should not be taken account of in the controversy. We do not consider that this letter should have any great importance except as indicating when the business war began, and that plaintiff was the first to open the attack.

In February and March, 1898, prior to the letters written by the defendant, of which plaintiff particularly complains, plaintiff caused a number of letters to be written to parties with whom defendant was negotiating, notifying them that if they purchased from the defendant proceedings would be instituted against them in damages. This, the record shows, interefered, to some extent, with the defendant's business, and checked its collections of amounts due on their machines.

True, plaintiff, in its letters, did not transcend the bounds of propriety by using harsh words, but the purpose was about the same which the defendant had in view. Before it is determined who is infringing on the rights of the other, if there was an infringement, a question

now pending for decision before the United States Court, it would be difficult to determine who is most at fault. Mielly vs. Soule, 49 Ann. 904.

In this contention for business and in the conflict of words as written, we find it difficult at this time to assess damages. We take as well settled that to sustain an action for libel, one must prove damages, or the mode followed must be such as to create a presumption that the complainant has been injured, and that his business has suffered in the esteem of its friends, or of those with whom it deals, loss in business, or character, in consequence, and, further, that plaintiff has sought not to go to the extreme in retaliating against the one charged with libel.

We have discovered nothing of the kind in this case. True, in one of the letters of the defendant, a word was used that should not have been used. Business competition does not justify its use. Defendant could well have introduced its machines and sustained whatever good qualities its machines may have without resorting to an undeserved epithet against the plaintiff, yet we do not think, under the circumstances here. there is ground enough for damages. The epithet in question, has different shades of meaning. Considered in the most favorable light, under the circumstances in which it is used, it affords no good ground to allow damages. The law lends its protection to every person, natural, or juridical, to shield its good name, not to the extent, however, of protecting one and condemning the other when the complainant has itself been at times as intemperate in its seeking to maintain the vantage ground it had perhaps gained in its business.

Our learned brother of the District Court, in a carefully written opinion, expressed similar views with which we agree, and we insert here a list of decisions cited by him in support of the view that "one who is at fault cannot recover civil damages from another who has retaliated in kind, although the latter, in law, was not justifiable, and this, in spite of the truism that one wrong does not justify another." Barrow vs. Landry, 15th Ann. 681; Johns vs. Brinker, 30 Ann. 241; Vernon vs. Bankston, 28th Ann. 710; Young vs. Bridges, 34th Ann. 333; Ludeling vs. Stubbs, 34 Ann. 940; Bigney vs. Van Benthuysen, 36th Ann. 38; Goldberg vs. Dobberton, 46 Ann. 1308; Mihojovich vs. Bodechtel, 48 Ann. 618.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from is affirmed.

Rehearing refused.