BREAUX, C. J.
Plaintiff, Lebovitch, sued the defendants, Levy Bros. Company and others, for $15,000, on the ground that they, Levy Bros. Company and others, made damaging, false, and libelous allegations against plaintiff in a petition filed by them to have the appointment of a receiver recalled and the receiver discharged.
The petition of Levy Bros. Company and others was filed on the 24th day of August, 1909.
The plaintiff, Lebovitch, Lucius Elam, Jr., and Dr. Calvin O. Chunn were the only members of the company known as the Elam Paper & Stationery Company; each being a stockholder and a director.
Elam was president, Chunn, vice president, and plaintiff, Lebovitch, secretary and treasurer.
On August 20, 1909, the Metropolitan Bank, also a creditor, intervened in the suit to oust the receiver.
The intervening bank alleged that it is a creditor of the Elam Paper & Stationery Company in the sum of $2,000, as shown by a promissory note, dated June 11, 1909, for $1,000, payable 90 days after date, with interest, from maturity, drawn by the Elam Paper & Stationery Company through S. L-Elam, Jr., president, and indorsed by Elam, Chunn, and Lebovitch; also a like note for *521 the sum of $1,000, dated August 10, 1909, payable 60 days after _ date, with similar rate of interest from maturity.
The other creditors, Schumert & War-field, alleged that they are creditors in the sum of $5,145.46, besides interest.
Interveners pertinently alleged that by statements made to them as late as June 10Í 1909, it was shown that the Elam Paper & Stationery Company was in a prosperous condition.
The loan above mentioned, made by the Metropolitan Bank, was made on the day before the Elam Paper & Stationery Company adopted the resolution to apply for the appointment of a receiver.
They allege that the creditors of the Elam Paper & Stationery Company should have been heard prior to the appointment of a receiver, and that the order appointing such receiver was improvidently issued.
They also allege that they were informed by the said statement rendered to the said Metropolitan Bank on June 11, 1909, that the assets of the said corporation exceeded its liabilities by a considerable sum, and, in the event that the court should hold that there was ground for appointing a receiver, petitioners urge that a person should be appointed receiver, who was thoroughly familiar with the business in which the said Elam Paper & Stationery Company was engaged; that they are informed that Phillips, receiver, is not familiar with the line of business carried on by the said Elam Paper & Stationery Company, and, if the court determined to retain Phillips, then they asked that a co-receiver be appointed.
All the allegations which plaintiff claims were libelous and defamatory are contained in the petition in which defendants moved to have the receiver discharged. It is a different litigation from the present. These allegations were made m S. Lucíus Elam v. Elam Paper & Stationery Co., No. 90,627, district court, in which plaintiff applied for the appointment of a receiver. Plaintiff in the just cited case made the papers in the case part of their petition. They are in consequence before this court in the pending ease before us for decision.
The Elam Paper & Stationery Company answered in case 90,627, denying the verity of the allegations made in said case, and denounced them as false, untrue, and malicious.
It is said that plaintiff in the present case for decision had no authority in the suit 90,-627, district court, to control the litigation and make a defense before bringing the present suit for damages, and that in consequence he could only, in the present suit, vindicate his name from charges brought against him when the receiver was appointed in suit 90,627.
The secretary and treasurer had authority, to some extent at least, to direct the litigation in said suit. He certainly had sufficient right to be heard in order to prove that he was not amenable to the charges contained in the petition in 90,627, district court.
Besides, he might have intervened in suit 90,627, and might have sought vindication if, as he alleges, imputations were directed against him. It was his company which was attacked, and, if needful, he might have gone to the extent of intervening.
But, even without an intervention, the answer placed at issue 90,627 of the district court, the question which he brings up in this suit for decision. They were not pressed to a trial.
We are of opinion that they should have been litigated in the first suit. Before the judge who had charge of the original suit proof should have been made in support of the allegation.
In Brelet v. Mullen, 44 La. Ann. 194, 10 South. 865, this court said:
*523 “In order that one can maintain an action for malicious prosecution, the suit must have terminated, after trial on its merits, in favor of the accused.” Brelet v. Mullen, 44 La. Ann. 194, 10 South. 865.
In the matter of probable cause, this court decided that it has frequently been held that the discharge of an accused person by a committing magistrate is prima facie evidence of the want of probable cause, and shifts the burden of proof on the defeudant sued for malicious prosecution. Brown v. Vitter, 47 La. Ann. 607, 17 South. 193; Bornholdt v. Souillard, 36 La. Ann. 103; Plassan v. Lottery Co., 34 La. Ann. 246.
Similar proposition is stated in Whaling v. Wells, 50 La. Ann. 563, 23 South. 447, showing that importance is given to a judgment rendered in the court in charge of the litigation in that court in which the charge is- brought. Here the question is one of probable cause for making the charges vel non, and the same rule applies.
The proceedings for the appointment of a receiver gave rise to a number of issues. Not the least important was that the management had not been proper, and that there was a conversion- of property at the time of the appointment of the receiver.
Why ought not the plaintiff at that time and in that suit before the same judge have cleared himself of the charges? That was the proper time.
If there was no mismanagement and no wrong had been committed, and this had been proven, then there would have been no necessity to appoint another receiver, and, besides, it would have simplified matters very much, and then if it appeared that plaintiffs in motion in suit 90,627, district court, had acted with motive to injure and defame plaintiff in the suit .before us, it would have been time enough to bring suits for damages.
' If the two suits can be litigated at one time before one judge, there might be facts brought to light that would render a suit for damages out of all question.
But to go further into the merits:
The three officers of the company did not agree. The date of the disagreement and the cause are not disclosed.
Dr. Chunn the vice president of the company, was the dissenting member.
In three short months after it began business the company was financially embarrassed, and even insolvent.
We have seen that in August following, just a day before filing the petition for the appointment of a receiver, the president borrowed $2,000. Although greatly embarrassed, nothing was said to the lending bank, intervener before mentioned, at the time that the amount was borrowed.
The next day the president proceeded to have a receiver appointed.
In the application of the president for the appointment of a receiver, he made the secretary-treasurer of the company Lebovitch the defendant.
Judge Theard of the district court granted the application of Elam, the president, seconded by the secretary-treasurer, for the appointment of a receiver.
Charles Phillips was appointed receiver.
It was after this appointment had been made that Levy Bros. Company, Dr. Chunn, and other creditors brought suit 90,627, cited above, to remove the receiver on a number of grounds. To these grounds we will have occasion again to refer later.
The judge of the district court did not render judgment to remove the receiver, but granted the alternative demand of the petitioners by appointing L. A. Hubert a joint receiver with Phillips. Taking up the petition and the documents annexed to plaintiff’s petition in the suit now before us for decision, it appears on the 11th day of Septern *525 ber, 1900, the present suit for damages was brought on a number of grounds.
Plaintiff alleged, in substance: That his ■character for honesty and integrity in the community has always been good. That, after many years of thrift, he had economized enough to permit him to engage in business with Lucius Elam, Jr., and Dr. Calvin O. Chunn. That the affairs of the corporation, as organized by them, were honestly and prudently conducted by the officers. That a meeting of the entire board was called for the purpose of discussing the affairs •of the corporation and of the advisability of liquidating the business or of placing the company in the hands of a receiver. That a resolution was adopted declaring the appointment of a receiver to the interest of the creditors and stockholders in order to preserve the assets of the corporation, and that on the day following the president applied for the appointment, which was granted. That on the 24th day of August of the same year Levy Bros. Company and Calvin O. Chunn, together with others alleging themselves creditors, filed a petition to have the appointment of Charles Phillips as receiver vacated. The petition is annexed to and made part of the petition. -
He has before stated that plaintiff denounced as false, untrue, and malicious the first of the charges of defendant (here plaintiff, in motion in 90,627 of the district court), that the affairs of the Elam Paper & Stationery Company had been placed in great confusion and the company’s business ruined by the misconduct and mismanagement of its president and of its secretary-treasurer, and claims damages therefor. Taking up the first of plaintiff’s grounds in the present suit, we hold that there is certainly nothing libelous in the allegation that confusion prevailed in plaintiff’s business (for it did prevail), nor in the allegation that it was ruined by the misconduct- and mismanagement of its secretary-treasurer.
. [1] The word “misconduct,” used in suit 90,627 by defendants in their motion to remove the receiver, does not denote personal wrong. Misconduct shows that they conducted the business badly. There may be some censure or.blame connected with the word; at the same time, it is not an actionable word in the sense in which it was used. It did not refer to personal misconduct at all. It was misconduct in connection with the management which was bad, improper, or unskillful.
[2] As to “mismanagement,” another word used by defendants in their motion to remove the receiver. One may be a mismanager without being dishonest; and, in the same way, he may misconduct business without dishonesty.
Besides, Levy & Bros. Company were joined in this allegation by the vice president of the company. If he thought there was “misconduct” and “mismanagement,” surely there was no great wrong'on the part of the defendants in alleging “misconduct” and “mismanagement” in order to obtain of the court a judgment- removing .the receiver, or, in the alternative, a judgment appointing a second receiver to act jointly with the receiver in charge.
[3] This brings us to the second ground alleged by plaintiff for recovering damages against defendants herein, which ground is that defendants by innuendo, in suit 90,627, charged him with having colluded with Lucius Elam, Jr., to apply for the appointment of a. receiver without notice to Dr. Calvin O. Chunn, director and vice president, and that in that way plaintiff sought to take advantage.
The extent of the innuendo charged by plaintiff stated:
Plaintiffs in their petition in the case before us for decision, filed some time after *527 defendants had filed their motion for the removal of the receiver in suit 90,627, district court, alleged that “the affairs of the company were honestly and prudently administered by its officers.”
They alleged in effect that Dr. Ohunn honestly and prudently administered the affairs of the company.
We see by this that long after the motion to the allegation of which plaintiff so strongly objects had been heard and disposed of plaintiff still insisted that the management of all the officers were proper.
This allegation was made some time after Dr. Ohunn had joined Levy & Bros. Company in the petition for the removal of the receiver.
There was no impropriety in law on the part of Levy & Bros. Company in joining an officer (who had assisted in properly administering the affairs, as plaintiff alleged, of the company) in a suit to remove the receiver on the grounds alleged by this officer.
The inference is that, despite the good management of the vice president and of plaintiffs in said motion, the corporation was decidedly in bad condition, for the vice president so alleged. The creditors had no reason not to believe the allegation of the vice president who had assisted in managing the affairs of the company.
We have found nothing libelous in the allegation made in that motion that the officers at whose instance the receiver was appointed failed to notify the vice president.
The asserted failure in plaintiff’s motion (alleged in 90,627, district court) to give notice to the vice president cannot very well be construed into an innuendo showing the intention on the part of Levy & Bros. Company and Dr. Chunn of defaming plaintiffs.
The averment objected to so seriously by plaintiff does not charge plaintiff with a dishonest act. The plaintiff’s name is not even mentioned. The averment is not specially directed against any one. The innuendo alleged by plaintiff' is not justified by the charge made by the defendants in the motion to have the receiver removed.
[4] The plaintiff avers, as a reason for recovering damages claimed, that the charge made by defendants in their petition or motion to remove the receiver, taken in connection with the first charge here, that Charles Phillips, receiver, was on most friendly terms with these men (meaning thereby petitioner Leboviteh as one of them), and the further charge by defendants in the petition or motion that Phillips is virtually under their control (meaning petitioner Leboviteh), and that, in consequence, the policy “which had ruined the business is bound to be pursued as heretofore” meaning thereby to charge by innuendo that petitioner, Leboviteh, was in a conspiracy to further a fraudulent scheme upon his creditors by continuation of the same reckless administration of the business, that all these charges were untrue, false, and malicious.
Plaintiff in his exception filed to the petition or motion of defendants to remove the receiver in 90,627, district court, does not seem to have thought that the'said petition or motion had made effective allegations highly detrimental to himself, for he sought to meet the allegations of the petition or motion to remove the receiver by the averment in his exception that this petition or motion to remove was vague and indefinite, and that the petition or motion disclosed no' cause of action.
Evidently plaintiff has changed his mind.
He now sues for a large amount for damages on the ground that he was singled out and denounced in the petition or motion of defendants.
In reality he was not referred to at all in the petition or motion in 90,627, district court.
To maintain his cause of action, it would, have been necessary for plaintiff to specifical *529 ly allege and show that he was directly charged by defendants with some wrong committed or fraud perpetrated or something detrimental which gave him a right to damages.
This plaintiff has not done.
After having considered the exception, which is part of the record in evidence offered by and admitted at the instance of plaintiff in the present suit for decision, it is not difficult to conclude that plaintiff’s position now is slightly inconsistent from what he alleged in his exception.
As relates to the friendly receiver, the following excerpt being pertinent, we will insert it here:
“I conceive that, when the court assumes control of the affairs of an insolvent corporation, it is preferable to take it out of the hands of its managing officer, but there is no inflexible rule rendering such officer ineligible to appointment as receiver. I also assent to the proposition, advanced by counsel for the intervener, that the rule of managing officers whose mismanagement has resulted in bringing a corporation into a condition of insolvency should not be perpetuated by continuing them or their subservient agents in charge as receiver.” Ralston v. Washington R. R. Co. (C. C.) 65 Fed. 557.
It was doubtless to prevent this possible condition that the allegations of defendants in the petition or motion complained of were made, and these allegations went no further than necessary to submit to the court that the receiver on the grounds alleged ought to be removed, or, if not removed, a second receiver should be appointed to act with Phillips, receiver.
The allegation, just before alluded to, must have impressed the district judge, for, we have before noted, he granted the prayer of the petition or motion to some extent.
All the innuendoes and inferences of plaintiff are exaggerated. They do not justify the inferences suggested. There is a want of likelihood in these averments of plaintiff in the suit before us for damages. They arise, it may be, because of the supersensitiveness on the part of complainant.
[5] In the next allegation the plaintiff, Lebovitch, complained of defendants’ allegation in their motion in 90,627, district court, to have the receiver removed as it charged him with fraudulently carrying away property, to the loss of the creditors.
There is decided error on the part of plaintiff in regard to this.
The carrying away of goods by plaintiff is not charged. In the motion in 90,627, district court, it is an inference of plaintiff, not sustained by the charge. Defendants in the motion in 90,627, district court, only in a general way alleged that goods had been removed just prior to the application for the appointment of a receiver. By whom removed is not alleged.
No reference is made to plaintiff. He is not indicated either directly or indirectly as the one who was suspected of having removed the goods.
The general allegation at this point casts no imputation on the plaintiff.
[6] Another of plaintiff’s complaints is that defendants in the motion for removal charged plaintiff with fraudulently drawing money from the Metropolitan Bank, intervener, at a suspicious time; that is, just prior to the receiver’s appointment, all for the purpose of looting the Elam Paper & Stationery Company.
In discussing this point, we will state, in the first place, that the defendants Levy & Bros. Company cannot be held liable in damages, for they in the joint motion to remove the receiver only joined the vice president, Chunn.
Surely Levy Bros. Company committed no-wrong in joining the vice president of the company in this allegation.
Even if these allegations were true, serious, and damaging, as plaintiff is pleased to allege, they would afford no good ground of complaint against this firm, for the testimony is positive that Levy Bros. & Co. *531 only alleged that which Chunn, their fellow defendant, alleged. It would be remarkable to say the least, if creditors only in search of their own were liable for large amounts of damages for repeating verbatim that which the vice president of a debtor company said about its mismanagement. It would be more remarkable from the fact before stated that plaintiff, Lebovitch, himself alleged in his petition in the case before us for decision that the officers of the company, necessarily including the vice president, faithfully discharge the duty owed by them to the company.
This disposes of the entire case in so far as Levy Bros. Company are concerned.
Positively no good reason suggests itself why these parties should be held liable under the circumstances.
Taking up next the case of Dr. Chunn, the vice president, the fact is that he made no such allegation in his motion for the removal of the receiver as he is charged by plaintiff with having made. The charges with the innuendoes following do not show that plaintiff has a case. These averments may include plaintiff within their terms, and they may not. It may be inferred from the allegation in motion in 9.0,627, district court, that:
A creditor with vendor’s privilege to satisfy his claim may remove goods in the dark. Plaintiff was not named. The vice president, Chunn, did not charge theft, conversion, misapplication committed by plaintiff here of funds and fraud upon creditors. The words used in the motion cannot be construed as having such a meaning.
Plaintiff was not the much injured man he thinks he was. In thus thinking he has drawn too much upon his imagination, and it may be too much influenced by his sensitiveness.
Another of plaintiff’s complaints is that defendants furnished copies of their motion to remove the receiver to the different local papers for publication, or that, if they did not furnish them, the sensational allegations of fraud and dishonesty injured petitioner’s good name. This is an alternative. By its alternativeness, it loses much of its force.
To our thinking, the facts, although liberally construed as to innuendoes and inferences, under the circumstances, did not have the dire effect alleged by plaintiff in his petition in the present case. Besides, it is not directly alleged with any degree of certainty that defendants had furnished these copies. It may have been done by some one else.
Construing this last ground in connection with our views in regard to the other charges reviewed above, we do not find good reason to decide that plaintiff has been injured.
Ag the reviewed charge affords no ground for complaint, it follows that the publication was equally as innocuous as relates to cause for damages.
To sum up as to the issues of fact:
In the active field of business a competing company is organized. The personnel consists of three persons.
In a remarkably short time after the date of organization it becomes evident that the company is not in a prosperous condition.
Two of the stockholders, both directors— one the president and the other the secretary and treasurer — hold a meeting, and determine to i>lace the company into the hands of a receiver.
That was not, it must be owned, a very proper act, and those concerned had a right to complain.
Small wonder that creditors were awakened to the necessity of taking decided steiis to protect themselves.
They apxoeared in court, and asked that the receiver be removed or another appointed to act with him.
The alternative was adopted by the judge of the district court, and another receiver was appointed.
*533 In this appearance in court there were no allegations made in suit 90,627 that were not. pertinent beyond question, since the district court tools action upon the representations made.
Ijess could not very well have been done on the part of these creditors.
As relates to law, there is no necessity of reviewing a number of decisions of this or any other court. There are decisions in this and other jurisdictions involving similar points sustaining our view of the case. We will briefly refer to Burt & Co. v. Manufacturing Co., 107 La. 231, 31 South. 667.
' The court, in that decision, said that plaintiff should wait until it had been determined in the direct action who was at fault.
And “that one who seeks damages growing out of an alleged libel must in proper time show that he was not at fault.” Id.
In this last cited suit it was decided that the plaintiff should seek to clear himself in the suit in which the charges were brought.
In a number of decisions in which unfounded prosecutions and untrue affidavits were made, and arrests resorted to, the court generally held that the parties complaining should before suing for damages insist upon the trial of the charge in order to have it determined that it was untrue.
Recently, this court said:
“The case was never heard and decided, a prerequisite to a suit for damages on the ground of false imprisonment.”
Gresham v. Collier, Sheriff (No. 18,264) 54 South. 590, ante, p. 143.
True, there was no false imprisonment in the pending case, and it is not as grave as those to which we have alluded, but in our opinion the issue in the main is similar and the question of bad conduct of the debtors in matter of the application for the appointment of a receiver and their good faith and propriety of their acts should be passed upon iii the first suit.
The words used in the pending case for decision were not defamatory. They were not damaging, particularly as relates to Levy & Bros. Company.
As to the vice president, Dr. Calvin O. Chunn, he also can scarcely be placed in the category of a libeler of his fellow man in seeking, as he did, to protect the creditors.
There is here no necessity of considering the principle of absolute privilege, as there is no necessity of absolute privilege to sustain the grounds of the defense.
[7] The allegations complained of in the suit to remove the receiver are relevant, and, besides, there was probable cause for making them.
[8] And, lastly, again we state the plaintiffs, before resorting to a suit for damages, ought to have sought to justify themselves in rushing into court and having a receiver appointed contradictorily with all their creditors.
The decision of Monroe v. Davis, 118 Ky. 806, 82 S. W. 450, is very similar as relates to facts.
In that case the plaintiff sought to make defendants liable for the value of goods alleged to have been converted.
The damaging words as thought by defendant were used in the course of judicial proceedings. The court held that defendant was not liable for damages, as it was not a cover of any malice on the part of the pleader. He only sought to assert a right.
In leaving the subject, we will state that a petition in court does not furnish a license to protect slanderous publication, plainly irrelevant and impertinent, conceived in malice and in hatred.
The case here is entirely different. It possesses none of those damaging features.
Eor reasons stated, the judgment is affirmed.
SOMMERYILLE, J., takes no part herein.
PROVOSTY, J., concurs.