(58 South. 507.)

No. 18,675.

WOLF v. ROYAL INS. CO. OF LIVERPOOL, ENG., et al.

(March 11, 1912. Rehearing Denied May 6, 1912.)

*(Syllabus by the Court.)*

LIBEL AND SLANDER (§ 76*) — MALICIOUS PROSECUTION (§ 34*) — RIGHT OF ACTION— TERMINATION OF LITIGATION — ACQUITTAL OF ACCUSED.

A suit for damages for an alleged libel contained in relevant pleadings filed in a civil suit will not lie before the termination of the litigation; but, where the same matter was made the subject of a criminal prosecution, a suit for damages for a malicious prosecution will lie after the acquittal of the accused.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 181; Dec. Dig. § 76;* Malicious Prosecution, Dec. Dig. § 34.*]

Appeal from Civil District Court, Parish of Orleans; Thos. C. W. Ellis, Judge.

Action by Abram J. Wolf against the Royal Insurance Company of Liverpool, England, and others. From a judgment for defendants, plaintiff appeals. Affirmed in part; reversed in part and remanded.

Lazarus, Michel & Lazarus and David Sessler, for appellant. John C. Hollingsworth, John P. Sullivan, Arthur Landry, and Dart, Kernan & Dart, for appellees.

LAND, J. An analysis of the voluminous petition filed by the plaintiff discloses two causes of action, one for alleged malicious prosecution on the charge of arson, and the other for alleged libel set forth in answers filed by the defendants in certain pending suits to collect fire insurance.

As the suit was dismissed on exceptions to the petition, all allegations of fact therein well pleaded must be taken as true. The case as presented in the petition may be briefly stated as follows:

Abram J. Wolf was a stockholder and president of the Central Glass Company, Limited, a corporation domiciled in the city of New Orleans, and also was a member of the commercial firm of B. J. Wolf & Sons of the same residence. The Glass Company, in August, 1908, was doing a profitable business, and had on hand a large stock of materials and manufactured products in value exceeding $35,000, and its plant, machinery, and tools were worth over $5.500. The property of the Glass Company, insured in 20 different companies, was destroyed by fire on August 30, 1908, and the total insurance thereon was insufficient to indemnify the Glass Company for its loss. The same fire destroyed certain furniture, fixtures, and machinery owned by B. J. Wolf & Sons, which had been stored in the warehouse of the Glass Company, and which was insured in two certain companies to the aggregate amount of $3,900. The conflagration which destroyed said property and other property to a very large amount originated in a building owned by other persons, which adjoined the premises of the Glass Company.

The 17 defendant insurance companies (in the language of the petition):

"Through their agents and employés, without cause or justification, directed a charge against your petitioner of setting fire and causing to be burned down the premises of the Central Glass Company, Limited, including its stock and manufacturing plant, in order to enable the Central Glass Company, Limited, to recover the insurance operating upon the same, and they charged that the Central Glass Company, Limited's, insurance was largely in excess of the value of said property and manufacturing plant, and the insurance carried on the property of B. J. Wolf & Sons, in which your petitioner was a member, was in excess of its value, and which property was located in the same premises and protected by insurance against damage or loss by fire."

This charge, having been preferred, was submitted to the investigation of the Fire Marshal of the state of Louisiana, who, while holding a commission from the state, was, as a matter of fact, simply and truly the employé of said insurance companies; and the said Fire Marshal procured from one John Eckert a statement incriminating the

plaintiff and J. J. Lips. The Fire Marshal and the insurance companies, aiding and abetting him, were fully advised by the members of John Eckert's family that the original statement made by the said John Eckert that he was on the premises on the day of the fire at the hour by him stated was absolutely false and untrue. During said investigation, the said John Eckert made two other statements, and the said Fire Marshal presented to the grand jury only the last statement, which had been so materially changed as to give it the appearance of truth. On this statement the grand jury indicted the plaintiff and Lips for aiding and assisting John Eckert in burning the premises of the Central Glass Company, Limited. The accused were tried and acquitted on the evidence adduced by the prosecution.

The petition contains allegations that the acts complained of were the result of a combination or conspiracy between the defendants to injure, wrong, and damage the plaintiff by inaugurating and conducting against him a prosecution on a charge of statutory arson, for which they well knew there was no just or probable cause.

The allegations of the petition further disclose that separate suits were brought by the Central Glass Company and B. J. Wolf & Sons on the policies held by them, and that the several defendant insurance companies set up the same defenses, to wit: Falsification of books; fraudulent exaggeration of loss; and that the plaintiffs intentionally burned, or procured to be burned, the property and effects covered by the policy; and that Abram J. Wolf and J. Julius Lips were under indictment for the burning of the premises. The petition alleges that all the charges set up in said answers, to the knowledge of the defendants, were made maliciously and were in all respects false and libelous.

A number of exceptions were filed to the petition, but the court below sustained the peremptory exceptions filed by the defendants, the Royal Insurance Company et al., and dismissed the suit.

Counsel for appellees say in their brief:

"The judge of the lower court maintained the peremptory exceptions, and from his decision plaintiff has appealed. * * * Therefore the only question before the court for decision is whether the suit of Abram J. Wolf against the various insurance companies has been filed prematurely, or, if that exception be not maintained, then, in the alternative, that the petition sets forth no cause or right of action."

The exception of prematurity was made to the demand for damages for the alleged libels in the answers filed by the defendant insurance companies in the suits on the policies, which were admitted to be still pending.

The exception of no right or cause of action was confined to the recovery of attorney fees and expenses alleged to have been advanced by plaintiff for account of Julius Lips.

The exception of prematurity was properly sustained. Carnes v. Atkins Bros., 123 La. 26, 48 South. 572; Lebovitch v. Levy, 128 La. 518, 54 South. 978. The exception of no cause of action as to the particular demand for advances made to Lips was also properly sustained. Plaintiff's demand for damages personal to himself for the alleged malicious prosecution, which had terminated in his acquittal, was not covered by the peremptory exceptions which were sustained by the judge a quo.

It is therefore ordered that the judgment below be affirmed in so far as it maintains the exception of prematurity, and the exception of no cause of action as to advances made by the plaintiff to J. J. Lips, and dismisses the suit as to the demands covered by said exceptions; and that said judgment be reversed in all other respects; and it is further ordered that this cause be remanded for further proceedings according to law. Defendants to pay costs of appeal.