ROGERS, J.
 

 This suit is the outgrowth of another suit, which is undetermined, brought by the wife of plaintiff, assisted by him, on behalf of her minor daughter to recover damages for the alleged seduction of the girl, under a promise of marriage, by the younger Deshotels. In that suit he is also charged with being the father of her illegitimate child. The elder Deshotels is sought to be held under the codal article imposing liability on the parents for the damage caused by their minor children.
 

 Defendants, in their answer to the previous suit, denied that the younger Deshotels had seduced plaintiff’s daughter and that he was the father of her illegitimate child. They averred upon information and belief that the present plaintiff was the father of the child born to his stepdaughter. This suit was brought to recover damages for the alleged libelous statement. It was dismissed on an exception of no right or cause of action, and, plaintiff has appealed.
 

 The contention of the appellees is that when a suit for damages for libel is based upon allegations contained in another suit, the second suit must await the termination of the action wherein the defamatory averments are made. We think this is correct. Wolf v. Ins. Co., 58 So. 507, 130 La. 679, and authorities cited therein.
 

 The general rule is that plaintiff’s right of recovery depends upon his right at the inception of his suit. In the instant case, plaintiff’s cause of action will not accrue unless' and until it be established on the trial of the suit wherein the pleading containing the defamatory language is filed that said averments are false, and that defendants knew them to be false, or had not just and probable cause to believe them to be true. See Lescale v. Schwartz Co., 40 So. 708, 116 La. 293; Sabine Tram Co. v. Jurgens, 79 So. 872, 143 La. 1092.
 

 It is true that in Lescale v. Schwartz Co., referred to supra, it was held that a plea of prematurity will hot lie where the allegations complained of were made in a suit to which the plaintiff in the suit for lih,el was not a party. But that rule is not applicable here, for it cannot be said that plaintiff was not a party to the suit for damages for the seduction of his stepdaughter. That action was instituted by plaintiff’s wife as the tutrix of. her minor daughter. Plaintiff appeared therein to authorize and assist his wife. It was essential that as co-tutor he should do so in order to bring the matter into court. Civ. Code, arts. 254 and 255; Code Prac. art. 108.
 

 Our opinion is, therefore, that plaintiff’s action was prematurely brought, and, with the understanding that the dismissal of his suit is without prejudice to the plaintiff’s right to institute a new suit on the accrual of the cause of action, we have concluded to affirm the judgment.
 

 Judgment affirmed.