No. 3116

**Second Circuit**

____

**WISE v. VAN SNIDER**

____

(May 20, 1931.  Opinion and Decree.)

____

J. Rush Wimberly, of Arcadia, attorney for plaintiff, appellant.

Goff & Goff, of Arcadia, attorneys for defendant, appellee.

DREW, J. Plaintiff sued for the sum of $746.43, alleging that at various times he had advanced to defendant sums of money to the amount of $103.03, and at various times had permitted defendant to check against his account on the First National Bank of Arcadia and the Bank of Bienville to the amount of $435.15; that said checks were signed with the names of plaintiff and defendant; and that he paid the board and lodging of defendant from July 1, 1925, to March 15, 1926, amounting to $208.25. The first of said money claimed to be due was advanced October 11, 1924, and the last on June 12, 1926. The claim is set up in detail, giving dates and amounts.

Defendant excepted to the capacity, legal authority, and right of plaintiff to sue, and to the jurisdiction of the court to hear the said cause, alleging in said exception the following reasons:

"(a) That she has recently become twenty-one years old; that the plaintiff, W. H. Wise, is her step-father and her co-tutor with her mother as tutrix; that they have had control of her person and property as such tutrix and co-tutor, have never filed any account of the tutorship, or otherwise settled with her, as their ward, and plaintiff has no right to sue her on any contract or obligation until he has so filed said account of the tutorship and made settlement with her.

"(b) That a tutor or co-tutor has no right to make any contract or agreement with his ward until after a final account is filed and full settlement made with the minor for whom he is tutor or co-tutor and the plaintiff has no right of action against her at this time, and his suit is premature until such settlement is made.

"(c) That the relationship of ward and tutor exists between plaintiff and defendant and all contracts and agreements made before the termination of the tutorship by final account and discharge of the tutor and co-tutor are null and void, and no suit can be maintained.

"(d) That all suits and legal proceedings between a tutor and his ward, until after a final accounting is made and the tutor discharged, must be brought in the probate court in the tutorship proceedings, and the District Court has no jurisdiction to try an ordinary suit on contract between a tutor and his ward until after such final accounting and discharge of the tutor from his trust."

The exception was sustained by the lower court, and plaintiff prosecutes this appeal.

The record discloses that defendant was born on June 20, 1904, and that plaintiff is her stepfather and her co-tutor. It is admitted that the tutrix and co-tutor or neither of them have ever filed any account of the tutorship or otherwise settled with their ward. The itemized statement shows that $215.20 of the money claimed to have been advanced by plaintiff was advanced at a time before the defendant became of age; that is, prior to June 20, 1925.

Article 361 of the Revised Civil Code makes it clear that every agreement which may take place between tutor and minor shall be null and void unless the same was entered into after the rendition of a full accounting and delivery of the vouchers, the whole being made to appear by the receipt of the person to whom the account

was rendered ten days previous to the agreement. The jurisprudence is in accord with this wise provision. Rist v. Hartner, Tutor, 44 La. Ann. 430, 10 So. 759, and cases cited therein.

It is therefore clear that such an accounting is a condition precedent for the validity of any agreement between the tutor and his ward in whatever form it may be entered into, and that it is not until such accounting has been rendered and adjusted that the fiduciary relations between tutor and ward really cease. The tutor could have no contractual relations with his ward until after the settlement, as provided by articles 361, 1790 of the Revised Civil Code.

This being true, we come to the question in the case. Is the law applicable to the tutor or tutrix likewise applicable to the co-tutor? We think it is. Act No. 18 of 1882, which is now article 255 of the Revised Civil Code, reads as follows:

"When the family meeting shall retain the mother in the tutorship, her second husband becomes of necessity the co-tutor, who for the administration of the property subsequently, to his marriage, becomes bound in solido with his wife, and his estate shall be legally mortgaged as a security for that responsibility, from the day of his marriage; provided, the evidence of such mortgage against the said co-tutor be recorded, according to the law now regulating the registry of mortgages against tutors, before the proceedings of the family meeting can be homologated; and provided further, that if said registry is not so made, then the tutrix and her husband shall come under the provisions of the preceding article."

This article of the Code puts on the co-tutor the same responsibility and lia-

bility as the law places on the mother and natural tutrix. He is bound in solido with his wife, and his property is legally mortgaged and is security for his responsibility, the same as that of his wife, the natural tutrix.

In the case of Manuel v. Deshotels et al., 160 La. 652, 107 So. 478, it was held that the co-tutor was a necessary party plaintiff in an action brought by his wife on behalf of her minor child. We are convinced that the law applicable to the natural tutrix is likewise applicable to the co-tutor, and the exception was properly sustained, for the reason that no account had been filed by the co-tutor or his wife, the natural tutrix, as required by law and no settlement had in accordance with the law. The fiduciary capacity still existed between plaintiff and defendant at the time he alleges that he advanced her money and paid her bills, and the law will not permit a tutor or co-tutor to claim against his ward any amount paid out in excess of the revenues of such ward in the absence of judicial authorization. Any claim made against the ward in excess of her revenues will be considered as rejected. In re Duplechain's Estate, 168 La. 428, 122 So. 280.

There is no allegation or claim that any of said money was advanced or paid out on judicial authorization. The judgment of the lower court is correct, and it is therefore ordered, adjudged, and decreed that the judgment be affirmed, with all costs.