**UNITED STATES ex rel. OSTRAGER et al. v. NEW ORLEANS CHAPTER, ASSOCIATED GENERAL CONTRACTORS OF AMERICA, Inc., et al.**

**NEW ORLEANS CHAPTER, ASSOCIATED GENERAL CONTRACTORS OF AMERICA, Inc., et al. v. UNITED STATES ex rel. OSTRAGER et al.**

No. 9940.

Circuit Court of Appeals, Fifth Circuit.

April 15, 1942.

Julius Katz and Jacob J. Amato, both of New Orleans, La., for plaintiffs.

R. Emmett Kerrigan and Eberhard P. Deutsch, both of New Orleans, La., for defendants.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The appellant, Samuel Ostrager, an informer, brought a qui tam action on behalf of the United States of America and on behalf of himself to recover from the ap-

pellees statutory forfeitures and double damages under the provisions of 31 United States Code §§ 231, 232, 233, 234 and 235, 31 U.S.C.A. §§ 231, 232, 233, 234 and 235. These sections provide that where the United States has been defrauded by presentation of a false claim "upon or against the Government of the United States, or any department or officer thereof", suit may be brought and carried on by "any person, as well for himself as for the United States", to collect a forfeiture of $2,000 and, in addition, double the amount of damages which the United States may have sustained; and that the person bringing such suit and prosecuting it to final judgment "shall be entitled to receive one-half the amount of such forfeiture, as well as one-half the amount of the damages he shall recover and collect."

The informer's complaint charges seventeen named defendants with having committed the same acts for which they had been previously indicted. The indictment, in substance, charged that the defendants had, with intent to defraud the United States, diverted, attempted to divert, and assisted in diverting for the benefit of themselves and another certain monies allocated out of the Emergency Relief Appropriation Act of 1935, Supplemental Appropriation Act, fiscal year 1936, and the First Deficiency Appropriation Act of 1936, for the purpose of constructing in the City of New Orleans, Louisiana, certain buildings for the Board of Administrators of the Charity Hospital of Louisiana, at New Orleans, to-wit: the foundation for the main building of the Charity Hospital. On January 15, 1940, the first count of the indictment, the conspiracy count, was nol-prossed; the second count was nol-prossed as to one defendant, and the other defendants entered pleas of nolo contendere and were fined by the court, $2,000 for the New Orleans Chapter, Associated General Contractors of America, Inc., and $200 for each of the other defendants. Shortly thereafter and on February 1, 1940, this informer's complaint was filed. The complaint alleges, as did the indictment, that the defendants, being the only bidders on the Charity Hospital project, added certain agreed amounts to their bids, portions of which amounts were to be collected, and were collected, by the successful bidder out of the above-mentioned appropriations, and were to be paid, and were paid, to the New Orleans Chapter, Associated General Contractors of America, Inc., and by said chapter distributed to the defendants and another. The complaint further alleges that the defendants formed a conspiracy to defraud the United States; that in furtherance of the conspiracy, the defendants, at a meeting of the Association, adopted a resolution requiring members to add to bids thereafter submitted the Association fees then in force, regardless of whether such bids were for government work or not; that defendants agreed to add in excess of $7,500 to their bids on the Charity Hospital foundation; that each defendant submitted a bid on the job and submitted certificates certifying that their bids were not sham or collusive; and that the government was defrauded in the amount of $7,620. The relator thereby sought to recover judgment for $15,240, double the amount of damages alleged to have been sustained by the government, plus a $2,000 forfeiture against each of the defendants.

The defendants interposed three defenses: The first defense was that the complaint failed to state a claim against defendants upon which relief could be legally granted. The second defense was that, contrary to the Fifth Amendment to the Constitution of the United States, the defendants were being twice put in jeopardy for the same offense. The third defense consisted of an answer on the merits which denied the essential allegations of the complaint. The defendants also filed a counterclaim by which they sought recovery from the informer for alleged libel contained in the complaint.

In advance of trial the defendants provoked a hearing and requested the court to pass upon their first and second defenses, and moved for a separate trial on their counterclaim. At the hearing the court also heard the relator's motion to dismiss the counterclaim, to have the counterclaim stricken, and to strike all allegations contained in the second defense and certain other allegations contained in the third defense. The court found that there was no merit in the defense that the complaint failed to state a claim upon which relief could be granted. The court, however, sustained the second defense of double jeopardy and dismissed the complaint. The counterclaim was also dismissed as being premature. Both sides have appealed.

There is a divergence of opinion as to what does and what does not constitute double jeopardy in cases of this kind, and there are authorities which lend strong weight to the view that such actions while civil in form are criminal in their nature and effect, and that a former acquittal or conviction may be invoked to bar recovery in a proceeding under the informer statutes. See and compare United States v. La Franca, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 1551; Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917; Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684; United States v. Glidden Co., 6 Cir., 78 F.2d 639; United States ex rel. Marcus v. Hess, D.C., 41 F.Supp. 197, reversed on other grounds 3 Cir., 127 F.2d 233; United States v. Shapleigh, 8 Cir., 54 F. 126; United States v. McKee, 26 Fed.Cas. p. 1116, No. 15,688; Olson v. Mellon, D.C., 4 F.Supp. 947, affirmed United States ex rel. Knight v. Mellon, 3 Cir., 71 F.2d 1021.

█ We prefer, however, to rest decision upon the contention that the complaint failed to state a claim against the defendants upon which relief could be legally granted under the statutes relied upon. The statutes involved must be strictly construed, and they permit recovery by an informer only when it is shown that the defendants have presented a "claim upon or against the Government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent." 31 U.S.C. § 231, 31 U.S.C.A. § 231.

█ Nowhere does the informer's complaint charge or allege that any false or fraudulent claim was made to, upon, or against the Government of the United States, or any department or officer thereof. Indeed, it is without dispute that the contract which was entered into and signed after the submission of bids was by and between the defendants and the Board of Administrators of the Charity Hospital of Louisiana, at New Orleans, a state board or agency. The successful bidder had no contract with the United States, and the mere fact that the project was financed in part by a federal grant to a state agency in no wise makes the Government of the United States a party to the contract for purposes of this suit. A claim against the United States could not be made by the contractor, for he had no contract with the government and he had no right to demand money from it. The Board of Administrators of the Charity Hospital of Louisiana, at New Orleans, were the only parties who promised to pay the contractor, and he could look solely to this source for payment. Where the Board of Administrators secured the funds to pay the contractor is not material here. The claim of the defendants was against the Board, they had no claim against the United States, and since no allegation is made in this complaint that a claim had been or could be made by the defendants against the government, this relator was not entitled to recover under these statutes and the complaint should have been dismissed. United States ex rel. Marcus v. Hess, 3 Cir., 127 F.2d 233, decided March 23, 1942, reaffirmed March 26, 1942 Cf. Mandel v. Cooper Corporation, D.C., 42 F.Supp. 317.

█ It is the law of Louisiana that an action for damages for libel based on defamatory pleadings may not be maintained until termination of the judicial proceeding. Having dismissed the relator's complaint, the court committed no error in dismissing the defendants' cross-complaint and counterclaim. Wolf v. Royal Ins. Co., 130 La. 679, 58 So. 507; Manuel v. Deshotels, 160 La. 652, 107 So. 478; Robinson Mercantile Co. v. Freeman, La.App., 172 So. 797; W. B. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663; Howard v. Coyle, 163 La. 257, 111 So. 697.

On both appeals the judgment is affirmed.