UNITED STATES ex rel. OSTRAGER et al. v. NEW ORLEANS CHAPTER, ASSOCIATED GENERAL CONTRACTORS, INC. et al.

No. 236. Argued December 10, 11, 1942.—Decided January 18, 1943.

*Mr. William Katz,* with whom *Mr. Burnett Wolfson* was on the brief, for petitioners.

*Mr. R. Emmett Kerrigan,* with whom *Mr. Eberhard P. Deutsch* was on the brief, for respondents.

At the request of the Court, *Solicitor General Fahy* filed a brief (on which also were *Messrs. Robert L. Stern* and *Fred E. Strine*) on behalf of the United States, as *amicus curiae.*

MR. JUSTICE BLACK delivered the opinion of the Court.

This action is substantially similar to that in *United States ex rel. Marcus* v. *Hess, ante,* p. 537. Relying on §§ 5438 and 3490–93, Revised Statutes, the petitioner charges that the respondents caused the government

$7,620 damages by submitting fraudulent collusive bids on a hospital constructed with Federal Public Works Administration financial assistance. The petitioner in a qui tam action asks double damages plus $2,000 from each of seventeen respondents. The respondents had previously been indicted by the United States government in a criminal action and had paid fines totalling $5,000.

The respondents answered on the merits, made other pleadings not relevant at this stage of the case, and offered two special defenses: that the action placed them in double jeopardy in violation of the Fifth Amendment and that the statutes involved did not provide a basis for such a cause of action. The District Court, without reaching the merits, dismissed the complaint on the theory of double jeopardy. The Circuit Court of Appeals affirmed the dismissal of the complaint but rested its conclusion on the belief that no claim against the United States was involved since the United States was not a party to the contract. It relied heavily on the *Hess* case as decided by the Circuit Court.

For the reasons set forth in our opinion in the *Hess* case, we believe that the decision below should be reversed.

*Reversed.*

MR. JUSTICE FRANKFURTER joins in this opinion but concurs on the question of double jeopardy for the reasons set forth in his opinion in *United States ex rel. Marcus v. Hess, ante,* p. 537. MR. JUSTICE JACKSON dissents for the reasons set forth in his opinion in the same case.

MR. JUSTICE MURPHY took no part in the consideration or disposition of this case.