McCALEB, Justice.
This is a suit for an absolute divorce by a wife against her husband under authority of Act No. 430 of 1938, now LSA-R.S. 9:301, on the ground of continuous separation for a period of two years. It was filed on April 13, 1953, it being alleged that the parties separated on April 9, 1951 and had not lived together since that time.
In his answer, filed on May 28, 1953, the husband denied that the separation took place on April 9, 1951 and alleged that it did not occur until June of that year.
*134 After a hearing on this issue, there was judgment for plaintiff, as prayed for, and the husband has appealed.
It thus appears that the case presents only a narrow factual question as to the date of the separation. At the trial, which was held on October 29, 1953, both parties testified that they have not become reconciled and hence it is clear that more than two years have elapsed since they last lived together. Notwithstanding this, the husband insists that the suit should be dismissed because the separation occurred in June and not in April, 1951, and that, accordingly, two years had not accrued at the time the suit was instituted.
We find no merit in the contention. Conceding, for purposes of discussion, that matters of this sort come within the general rule that a plaintiff’s right to relief depends upon the existence of such right at the inception of the suit, see Manuel v. Deshotels, 160 La. 652, 107 So. 478, we cannot say, after a perusal of the record, that the judge erred in preferring the evidence of the wife over that of the husband. She testified, conformably with her pleadings, that the date of the separation was April 9, 1951 and her statement is corroborated by her mother, who was a witness in her behalf.
The husband at first denied that there was a separation on April 9, 1951, but, after' being confronted with testimony to the contrary which had been given in a prior suit by his wife for a separation from bed and board, he admitted the separation in April and tried to establish that there was a temporary reconciliation which lasted until the month of June, when he acknowledges that the final break occurred. He is supported in his statement that the parties lived together until June by three persons, who are employed by him in his business, which is located across the street from the former matrimonial domicile.
In evaluating the evidence, the trial judge remarked that he was impressed with plaintiff’s testimony and her demeanor on the stand and that he was “singularly unimpressed” with defendant and his witnesses. We fail to detect error in his ruling.
The judgment is affirmed.