FLUOR OCEAN SERVICES, INC.,
Plaintiff-Appellee,

v.

Howard F. HAMPTON et al., Defendants-Third Party Plaintiffs.

Benjamin C. TISDALE, III, Defendant-Third Party Plaintiff-Appellant,

v.

FLUOR CORPORATION aud ABC Insurance Company, Third Party Defendants.

Benjamin C. TISDALE, III, Plaintiff-Appellant,

v.

FLUOR OCEAN SERVICES, INC., Fluor Corporation and ABC Insurance Company, Defendants-Appellees.

No. 73-3075

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1974.

Felicien P. Lozes, New Orleans, La., for Benjamin C. Tisdale, III.

Milton E. Brener, Herbert J. Garon, Charles E. Leche, David R. Normann, New Orleans, La., for plaintiff-appellee.

Donald V. Organ, New Orleans, La., for Howard F. Hampton.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

The District Court for the Eastern District of Louisiana dismissed as premature a complaint alleging that plaintiff had been libelled by defamatory statements made by defendant in pleadings in an independent civil action, which is still pending. Since the law of Louisiana clearly prohibits such a suit until the independent legal action is completed, we affirm.

■ Fluor Ocean Services, Inc. brought a diversity damage action against Benjamin C. Tisdale, III, in which Fluor alleged that Tisdale had committed various breaches of the fiduciary duty which he owed Fluor. Taking umbrage at these allegations, Tisdale filed both a counterclaim and a separate suit against Fluor for libel asserting damages in the amount of $20,000,000. Fluor's original action is still pending before the District Court.

After consolidating the two suits, the District Court on Fluor's motion dis-

* Rule 18, 5th Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

missed Tisdale's libel claims on the ground that the law of Louisiana, which controls this diversity case, clearly holds that any cause of action which might arise from defamatory statements made in a judicial action does not arise until after the termination of that proceeding.

In Manuel v. Deshotels, 160 La. 652, 107 So. 478 (1926), the Supreme Court of Louisiana stated that

> . . . when a suit for damages for libel is based upon allegations contained in another suit, the second suit must await the termination of the action wherein the defamatory averments are made.

107 So. at 479. With consistent frequency the Louisiana courts have applied this well settled principle. Loew's, Inc. v. Don George, Inc., 237 La. 132, 110 So.2d 553 (1959); Howard v. Coyle, 163 La. 257, 111 So. 697 (1927); Wolf v. Royal Insurance Co. of Liverpool, 130 La. 679, 58 So. 507 (1912); Udell, Inc. v. Ascot Oils, Inc., 177 So.2d 178 (La.Ct. App.1965); Giordano v. Tullier, 139 So. 2d 15 (La.Ct.App.1962); Thomas v. Mobley, 118 So.2d 476 (La.Ct.App.1960); Cox v. Cashio, 96 So.2d 872 (La.Ct.App. 1957). The reasoning behind this rule of law, as expressed by the Louisiana court in Robinson Mercantile Co. v. Freeman, 172 So. 797 (La.Ct.App.1937), is simply that

> . . . an action for libellous statements made by a party litigant . . . does not arise until the party making the allegations has had the opportunity of proving the truth of the allegations in the proceedings in which they are made.

172 So. at 799. The law does not allow a person to make defamatory statements with impunity, but it does serve to order the process of justice in a rational manner. Under this clear statement of Louisiana law, the District Court properly dismissed Tisdale's complaint as premature, inasmuch as Fluor's suit against Tisdale has not been terminated.

■ Tisdale would also have us review the District Court's denial of his motion to dismiss certain causes of action asserted in Fluor's complaint. The denial of a motion to dismiss is not an appealable order, however, and we have no jurisdiction to entertain that portion of this appeal.

The motion to dismiss came about in this way. For the purpose of aiding Tisdale in conducting discovery, the District Court ordered Fluor to file a list of the factual particulars of each of its claims against Tisdale. Pursuant to that order, Fluor filed a document entitled "Factual Particulars of Plaintiff's Claim." Upon receipt of the particulars, Tisdale moved to dismiss those claims which Fluor had stated in its original complaint but had failed to detail in the subsequent document. Tisdale's appeal is from the denial of that motion.

■ Under 28 U.S.C.A. § 1291, this Court has jurisdiction of appeals from all final decisions of the district courts within this judicial circuit, except where a direct review may be had in the Supreme Court. The denial of a motion to dismiss, however, is not a final decision of a district court and, therefore, is not an appealable order under 28 U.S.C.A. § 1291. Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945); Wallace v. Norman Industries, Inc., 467 F.2d 824 (5th Cir. 1972). Even if we were to consider Tisdale's motion as one for summary judgment on the several claims, this Court has held that an order denying a motion for summary judgment is interlocutory and, thus, is not appealable under 28 U.S.C.A. § 1291. Tabacalera Severiano Jorge, S. A. v. Standard Cigar Co., 392 F.2d 706 (5th Cir.), cert. denied, 393 U.S. 924, 89 S.Ct. 255, 21 L.Ed.2d 260 (1968). Neither is the District Court's order denying Tisdale's motion to dismiss appealable under 28 U.S.C.A. § 1292(b), inasmuch as the District Court has not certified the question for appeal. Accordingly, we are without jurisdiction and therefore dismiss Tisdale's appeal from the order of the District Court denying his motion to dismiss.

Affirmed in part, dismissed in part.