311 So.2d 13 (1975)
Mary Cobb CALVERT, Plaintiff-Appellant,
v.
J. Minos SIMON et al., Defendants-Appellees.
No. 12565.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1975.
*14 S. Frank Harlow, Bossier City, for plaintiff-appellant.
J. Minos Simon, in pro per., John Rixie Mouton, Lafayette, Johnston, Thornton, Pringle & Greer by James J. Thornton, Jr., Shreveport, for defendants-appellees.
Before AYRES, PRICE and HALL, JJ.
HALL, Judge.
This appeal by plaintiff is from a judgment sustaining defendants' exception of no cause of action and dismissing plaintiff's suit seeking damages for libel and slander arising out of alleged false allegations and testimony in another suit, the basis for the exception and dismissal being that the other suit has not yet been terminated.
Plaintiff, Mary Cobb Calvert, divorced wife of defendant J. Minos Simon, filed the instant action in the First Judicial District Court for Caddo Parish against Simon *15 and nine other persons seeking damages for alleged false allegations made and testimony given in an action filed by Simon against plaintiff in the Fifteenth Judicial District Court for Lafayette Parish. In the Lafayette Parish suit, Simon sought to gain custody of the parties' minor children, custody having previously been awarded to plaintiff.
In his petition seeking a change in custody, Simon alleged numerous acts of prostitution and other sexual misconduct on the part of plaintiff. According to plaintiff's petition in the instant suit, the other defendants falsely testified to the occurrence of such acts.
Plaintiff's petition further alleges the allegations and testimony in the child custody proceedings were outright lies, false, staged and faked and that the trial judge in that suit so found in written reasons for judgment.
Defendants filed an exception of no cause of action on the grounds that plaintiff did not allege the child custody suit ended favorably to her and did not allege the suit has been finally determined, judicially or otherwise.
The exception was sustained and plaintiff's suit dismissed as of nonsuit. Plaintiff appealed. We affirm the judgment of the district court.
The record reveals that in the child custody suit, the district court awarded custody of the children to Simon, but found the evidence as to acts of prostitution unworthy of belief and staged. The judgment of the district court was affirmed by the Court of Appeal, Simon v. Cobb, 300 So.2d 608 (La.App.3d Cir. 1974). Writs of review were granted by the Supreme Court, 303 So.2d 184 (La.1975) and the case is presently pending in that court and has not been finally adjudicated.
With the exception of one recent decision by the Fourth Circuit Court of Appeal, the jurisprudence of this state has consistently and unequivocably held that an action for libel or slander arising out of allegations or statements made in a judicial proceeding cannot be brought by a party to the judicial proceeding until the proceeding is terminated. The rule has been applied equally and without distinction to libel and slander actions instituted by reconventional demand or by separate suit. An authoritative expression of the rule was made by this court in Udell, Inc. v. Ascot Oils, Inc., 177 So.2d 178 (La.App.2d Cir. 1965), with Judge H. W. Ayres as author of the opinion:
"... The rule is well established in the jurisprudence of this State that a cause of action for defamatory statements set forth in the pleadings of a civil action does not arise or come into existence until final determination of such suit, and, therefore, a claim for damages for an alleged libel set forth in the pleadings may not form the basis for a reconventional demand in the pending suit. Carnes v. Atkins Bros. Co., 123 La. 26, 48 So. 572 (1909); W. B. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663 (1911); Wolf v. Royal Ins. Co., 130 La. 679, 58 So. 507 (1912); Manuel v. Deshotels, 160 La. 652, 107 So. 478 (1926); Howard v. Coyle, 163 La. 257, 111 So. 697 (1927); Robinson Mercantile Co. v. Freeman, 172 So. 797, La.App., 1st Cir. 1937; Wilson Sporting Goods Co. v. Alwes, 21 So.2d 102, La.App., 1st Cir. 1945 (writ of error refused); Thomas v. Mobley, 118 So.2d 476, La.App., 1st Cir. 1960. The rule was concisely stated in Robinson Mercantile Co. v. Freeman, supra, wherein this language was employed:
`It is also well settled in the jurisprudence of this state that an action for libelous statements made by a party litigant cannot be maintained until the proceeding in which such allegations are made has terminated, as the cause of action does not arise until the party making the allegations has had the opportunity of proving the truth of the allegations in the proceedings in *16 which they are made. See Manuel v. Deshotels et al., 160 La. 652, 107 So. 478. And it is also well settled in our jurisprudence that an action for defamatory allegations cannot be made the basis for damages by a reconventional demand until the final termination of the main demand, and that such claim for damages are premature; that the claim for damages comes in esse only after the litigant making the charges has been given an opportunity to prove them in the suit in which they are made and has failed to make such proof. See Howard v. Coyle et al., 163 La. 257, 111 So. 697; W. B. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663.'
"This statement of the rule was approved by the Supreme Court in Loew's, Inc. v. Don George, Inc., 237 La. 132, 110 So.2d 553, 561 (1959)."
A libel action was instituted by a separate suit in Manual v. Deshotels, 160 La. 652, 107 So. 478 (1926). The court held:
"The contention of the appellees is that when a suit for damages for libel is based upon allegations contained in another suit, the second suit must await the termination of the action wherein the defamatory averments are made. We think this is correct. Wolf v. Ins. Co., 130 La. 679, 58 So. 507, and authorities cited therein."
In Viera v. Kwik Home Services, Inc., 266 So.2d 732 (La.App.4th Cir. 1972), (writs denied 263 La. 368, 268 So.2d 258, because the judgment was not final with three Justices voting to grant the writ), the Fourth Circuit Court of Appeal, in an opinion by Judge Lemmon, made a studied and conscious departure from the well established jurisprudence. Although the court affirmed on other grounds the sustaining of an exception of no cause of action to a reconventional demand for damages for alleged libelous allegations made in a pending suit, the scholarly majority opinion took issue with the holding in Udell and prior cases. It was pointed out that the rule prevailing in malicious prosecution suits, which necessarily fall if the original proceeding terminates favorably to the original plaintiff, was applied in early decisions to libel suits, which are, however, different in that the outcome of the original suit does not necessarily determine the truth or falsity of the particular allegations claimed to be libelous. The majority opinion found it unfair to require one who has been damaged by a libelous statement to delay bringing his action because of the fiction that his cause of action does not arise until the original suit is terminated.
Judge Boutall wrote a strong dissent in Viera, pointing out that the principle that a cause of action for damages due to libelous statements in a judicial proceeding does not arise until the proceeding is terminated has been adhered to by the Supreme Court in several cases and applied without variance by numerous decisions of the Courts of Appeal. The dissent, with which this court agrees, discusses the rationale for the rule which is to first give the original plaintiff the opportunity to prove the truth of the statements made in the original proceedings unencumbered by the necessity of defending himself before he has a chance to be heard.
In most other states, relevant and material statements made in a judicial proceeding are absolutely privileged. The basis for the privilege is the concept that free and unfettered litigation is essential in order to achieve justice and that this concept must be preserved even though on occasion the process may be abused and an individual may be damaged by libelous statements without right of redress. The public interest in the freedom of expression by participants in judicial proceedings, uninhibited by risk of resultant suits for defamation, is so vital and necessary to the integrity of our judicial system that it must be made paramount to the right of the individual to a legal remedy where he has been wronged thereby. See 50 Am.Jur.2d, Libel and Slander, § 231 et seq.
*17 In Louisiana, the absolute privilege doctrine has been rejected as to statements made by a party or his attorney in a judicial proceeding. Statements made by a party to a judicial proceeding enjoy only a qualified privilegethey are privileged only if relevant and made with probable cause and without malice. Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708 (1905); Sabine Tram Company v. Jurgens, 143 La. 1092, 79 So. 872 (1918); Waldo v. Morrison, 220 La. 1006, 58 So.2d 210, 32 A.L.R.2d 419; Oakes v. Alexander, 135 So.2d 513 (La.App. 2d Cir. 1961); Jones v. Davis, 233 So.2d 310 (La.App. 2d Cir. 1970) writ refused 256 La. 80, 235 So.2d 101. See Annotation, "Relevancy Of Matter Contained In Pleading As Affecting Privilege Within Law Of Libel", Part I, § 5, 38 A.L.R.3d 272, 283 et seq. Parenthetically, we note the rule of absolute privilege may apply in Louisiana to relevant statements made by witnesses who are not parties in a judicial proceeding. See Burke v. Ryan, 36 La.Ann. 951 (1884) and Oakes v. Walther, 179 La. 365, 154 So. 26 (1934). Compare Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969).
Louisiana law permits recovery by a party damaged by libelous statements made without probable cause and with malice by another party in a judicial proceeding, but consistent with orderly procedure and the concept of unhampered expression in the course of litigation, requires the party claiming such damage to await the determination of the original proceeding. Although the outcome of the original proceeding may not necessarily determine the issue of whether a party thereto can subsequently recover for libelous statements made therein, in most cases the outcome of the original suit will have a strong bearing on determination of that issue.
Because the rule is so firmly embedded in this state's jurisprudence and because our reappraisal of the rule convinces us of its wisdom, we adhere to it in this case. The suit in which the alleged libelous and slanderous allegations were made and evidence given is still pending and is not finally adjudicated. Plaintiff's cause of action has not yet come into existence and her suit is premature. The judgment sustaining defendants' exception of no cause of action and dismissing plaintiff's suit without prejudice is correct.
Plaintiff's petition also alleges that the defendants made defamatory statements to each other out of court prior to the trial of the child custody suit. Plaintiff, argues that her cause of action based on these out-of-court statements is not subject to the same rule which applies to statements made in the judicial proceeding. Taking the allegations of the petition as a whole, the essence of the suit is that the defendants all conspired to produce false allegations and evidence against plaintiff in the child custody suit and we do not view the conversations between the alleged co-conspirators as giving rise to a separate cause of action.
For the reasons assigned, the judgment of the district court is affirmed, at appellant's cost.
Affirmed.