331 So.2d 180 (1976)
Ford MARIONNEAUX, Plaintiff-Appellant,
v.
Henry KING et al., Defendants-Appellees.
No. 10698.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
*181 Jack T. Marionneaux, Plaquemine, for plaintiff-appellant.
Byron Magbee and Arthur Cobb, Baton Rouge, for defendants-appellees.
Before SARTAIN, EDWARDS and PONDER, JJ.
SARTAIN, Judge.
This suit by plaintiff, Ford Marionneaux, was brought seeking damages for libel and slander allegedly resulting from statements contained in documents filed in separate legal proceedings, wherein he is a defendant, in connection with a motion for summary judgment. The numerous defendants herein are all plaintiffs in those separate proceedings wherein said documents were filed in their behalf. The remaining defendant herein is the attorney for plaintiffs in the separate action. The trial judge in the instant case maintained defendants' exception of no cause of action dismissing plaintiff's suit, from which judgment plaintiff has appealed. We affirm.
The single issue presented here is whether one can maintain a cause of action for libel and slander arising out of allegations or statements made in judicial proceedings when those proceedings have not reached a final disposition. This, in our opinion, requires a negative answer.
The exception of no cause of action provided for in La.C.C.P. Art. 927(4) puts at issue whether any remedy is afforded by law to the plaintiff under the allegations contained in the petition. Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App., 3rd Cir., 1967). Our jurisprudence has consistently recognized, with the exception of one case decided at the intermediate appellate level, that a cause of action based on libel and slander for statements made in legal proceedings not yet final, will not be maintained whether it be asserted by reconventional demand, W. B. Thompson & Co. v. Grosserand, 128 La. 1029, 55 So. 663 (1911); Howard v. Coyle, 163 La. 257, 111 So. 697 (1927); Robinson Mercantile Co. v. Freeman, 172 So. 797 (La.App. 1st Cir., 1937); Wilson Sporting Goods Co. v. Alwes, 21 So.2d 102 (La.App., 1st Cir., 1945), writs refused; Loew's, Incorporated v. Don George, Inc., 237 La. 132, 110 So.2d 553 (1959); Thomas v. Mobley, 118 So.2d 476 (La.App., 1st Cir., 1960); Udell, Inc. v. Ascof Oils, Inc., 177 So.2d 178 (La.App., 2nd Cir., 1965); or by a separate action, Wolf v. Royal Ins. Co., 130 La. 679, 58 So. 507 (1912); Manuel v. Deshotels, 160 La. 652, 107 So. 478 (1926); Calvert v. Simon, 311 So.2d 13 (La.App., 2nd Cir., 1975). Our research has revealed only one case which has reached a contrary result, that case being Viera v. Kwik Home Services, Inc., 266 So.2d 732 (La. App., 4th Cir., 1972), writ refused, 263 La. 368, 268 So.2d 258, in which three justices dissented from the refusal and which refusal was prompted by the majority because the judgment was not final, thus causing them to "defer our ruling as to the correctness thereof."
*182 We will not attempt to distinguish this case from Viera, supra, and state simply that we cannot subscribe to the reasoning therein. Rather, we agree with the dissenting judge in Viera and the remainder of Louisiana jurisprudence which requires the termination of legal proceedings wherein the defamatory statements were allegedly made before plaintiff's cause of action is perfected. We find particularly appropriate to the case at hand the following language enunciated by out brothers on the Second Circuit in Calvert v. Simon, 311 So.2d 13 (La.App., 2nd Cir. 1975) at page 17, and adopt it as part of our reasoning herein:
"Louisiana law permits recovery by a party damaged by libelous statements made without probable cause and with malice by another party in a judicial proceeding, but consistent with orderly procedure and the concept of unhampered expression in the course of litigation, requires the party claiming such damage to await the determination of the original proceeding. Although the outcome of the original proceeding may not necessarily determine the issue of whether a party thereto can subsequently recover for libelous statements made therein, in most cases the outcome of the original suit will have a strong bearing on determination of that issue.
Because the rule is so firmly embedded in this state's jurisprudence and because our reappraisal of the rule convinces us of its wisdom, we adhere to it in this case. The suit in which the alleged libelous and slanderous allegations were made and evidence given is still pending and is not finally adjudicated. Plaintiff's cause of action has not yet come into existence and her suit is premature. The judgment sustaining defendants' exception of no cause of action and dismissing plaintiff's suit without prejudice is correct."
For the above reasons, the decision of the trial court is affirmed at appellant's cost.
AFFIRMED.