## Wayne WILLIAMS

v.

## HARTFORD FIRE INSURANCE COMPANY.

### Civ. A. No. 80–71–B.

United States District Court, M. D. Louisiana.

June 3, 1981.

Joseph H. Simpson, Amite, La., for plaintiff.

Ernest L. O'Bannon, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, La., for defendant.

POLOZOLA, District Judge:

This diversity suit for defamation presents the following legal issue on which the Louisiana state courts have written conflicting opinions: must a person who has been defamed by the pleadings in a lawsuit await the termination of that suit before filing a suit for defamation? For reasons set forth hereinafter, the Court holds that under Louisiana law a cause of action for defamation based on allegations or statements made in a judicial proceeding does not arise or come into existence until termination of the judicial proceeding in which the alleged defamatory pleadings were filed. Therefore, since plaintiff's claim for defamation is premature, that portion of plaintiff's complaint must be dismissed.

Wayne Williams, the plaintiff herein, is the owner of Williams Furniture Store which is located in Amite, Louisiana. On October 10, 1979, the furniture store was completely destroyed by fire. At the time of the fire, the building was insured by the Hartford Fire Insurance Company (Hartford). After Williams was unsuccessful in his attempt to have Hartford pay for the fire damage, he filed suit in the Twenty-First Judicial District Court for the Parish of St. Helena, Louisiana. Hartford timely removed the suit to the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1441. It is clear that the Court has jurisdiction under 28 U.S.C. § 1332.

In its answer to plaintiff's suit, Hartford denied coverage on the October 10, 1979 fire damage and asserted as a defense that the plaintiff caused the building to be burned in order to collect the insurance proceeds on the property. The defendant also asserted other defenses in its answer, including fraud and false swearing.

Thereafter, plaintiff filed an amended complaint wherein he asserted a claim for defamation based on the allegations set forth by Hartford in its answer to the complaint and answers to interrogatories. Hartford has now filed a "Motion to Dismiss Counterclaim". Actually, the motion should have been entitled a motion to dismiss the amended complaint since no counterclaim has been filed or could have been filed by the plaintiff. See Rules 13 and 15 of the Federal Rules of Civil Procedure. Hartford contends in its motion to dismiss that plaintiff's claim for damages for allegedly defamatory statements contained in a judicial pleading is premature since the defamation claims cannot arise until after final adjudication on the main demand in the pending suit. In support of its contention, Hartford cites numerous cases decided by the Louisiana Supreme Court and the appellate courts in Louisiana. The plaintiff, on the other hand, contends that the jurisprudence in Louisiana is unsettled and cites several cases which purportedly support his contention that a claim for defamation can be heard concurrently with the main demand in which the alleged defamation was published.

Because this is a diversity case, the federal court must apply Louisiana law. *Fluor Ocean Services, Inc. v. Hampton,* 502 F.2d 1169 (5th Cir. 1974). Louisiana does not recognize an absolute privilege for publications made by litigants or their counsel in judicial pleadings. In Louisiana written allegations in judicial proceedings are entitled only to a qualified privilege and then only if the publications are material, made without malice and with probable cause. See *Union Service & Maintenance v. Powell,* 393 So.2d 94 (La.1980); *Gosserand v. Gumbel,* 154 La. 537, 97 So. 852 (1923);

*Lescale v. Joseph Schwartz Co.*, 116 La. 293, 40 So. 708 (1906); *Lees v. Smith*, 363 So.2d 974 (La.App. 3rd Cir. 1978); *Calvert v. Simon*, 311 So.2d 13 (La.App. 2nd Cir. 1975).

The statements contained in defendant's answer and answer to interrogatory 24 which form the basis for plaintiff's claim of defamation are as follows:

"Defendant avers that plaintiff insured the property and caused it to be destroyed by a fire of incendiary origin which occurred on October 10, 1979, for the purpose of collecting the insurance thereon."

"Plaintiff overinsured the property and was guilty of fraud and false swearing in his examination under oath and of attempting to deceive defendant as to the cause of loss and value of the property."

"Hartford contends that the property was over-insured and that when plaintiff swore to the amount of the loss and his non involvement with the fire he was not telling the truth."

There is an apparent conflict among the appellate courts in Louisiana on the issue which is before the Court. This conflict was recognized by the Louisiana Supreme Court in *Union Service & Maintenance v. Powell*, supra, wherein the Court stated:

"This court granted a writ of review in order to resolve an apparent conflict among the circuits on the question of whether a party who is defamed by the pleadings in a lawsuit must await the termination of that suit before suing for defamation." 393 So.2d at 95.

However, the Louisiana Supreme Court did not decide the issue in the *Powell* case, choosing instead to decide the case on other grounds.

■ The Louisiana courts, with one exception, have held that a cause of action based on libel and slander for statements made in legal proceedings, cannot be brought by a party until the original legal proceeding has been terminated. The Fourth Circuit Court of Appeal applied a contrary rule in *Viera v. Kwik Home Services, Inc.*, 266 So.2d 732 (La.App. 4th Cir. 1972), writ refused, 263 La. 368, 268 So.2d

258 (1972). This Court believes that if the question was again presented to the Louisiana Supreme Court, that court would again apply the rule followed by the First, Second and Third Circuit Courts of Appeal and would not follow the decision rendered by the Fourth Circuit in *Viera v. Kwik*, supra. This Court, therefore, hereby adopts in this diversity case the decision rendered by the First Circuit Court of Appeal in *Marionneaux v. King*, 331 So.2d 180 (La.App. 1 Cir. 1976) which correctly and concisely sets forth the applicable law on the issue pending before this Court:

"[1] The single issue presented here is whether one can maintain a cause of action for libel and slander arising out of allegations or statements made in judicial proceedings when those proceedings have not reached a final disposition. This, in our opinion, requires a negative answer.

■ The exception of no cause of action provided for in La.C.C.P. Art. 927(4) puts at issue whether any remedy is afforded by law to the plaintiff under the allegations contained in the petition. *Bielkiewicz v. Rudisill*, 201 So.2d 136 (La. App., 3rd Cir., 1967). Our jurisprudence has consistently recognized, with the exception of one case decided at the intermediate appellate level that a cause of action based on libel and slander for statements made in legal proceedings not yet final, will not be maintained whether it be asserted by reconventional demand, *W. B. Thompson & Co. v. Gosserand*, 128 La. 1029, 55 So. 663 (1911); *Howard v. Coyle*, 163 La. 257, 111 So. 697 (1927); *Robinson Mercantile Co. v. Freeman*, 172 So. 797 (La.App. 1st Cir., 1937); *Wilson Sporting Goods Co. v. Alwes*, 21 So.2d 102 (La.App., 1st Cir., 1945), writs refused; *Loew's Incorporated v. Don George, Inc.*, 237 La. 132, 110 So.2d 553 (1959); *Thomas v. Mobley*, 118 So.2d 476 (La.App., 1st Cir., 1960); *Udell, Inc. v. Ascot Oils, Inc.*, 177 So.2d 178 (La.App., 2nd Cir., 1965); or by a separate action, *Wolf v. Royal Ins. Co.*, 130 La. 679, 58 So. 507 (1912); *Manuel v. Deshotels*, 160 La. 652, 107 So. 478 (1926); *Calvert v. Simon*, 311 So.2d 13

(La.App., 2nd Cir., 1975). Our research has revealed only one case which has reached a contrary result, that case being *Viera v. Kwik Home Services, Inc.*, 266 So.2d 732 (La.App., 4th Cir., 1972), writ refused, 263 La. 368, 268 So.2d 258, in which three justices dissented from the refusal and which refusal was prompted by the majority because the judgment was not final, thus causing them to 'defer our ruling as to the correctness thereof.'

We will not attempt to distinguish this case from *Viera*, supra, and state simply that we cannot subscribe to the reasoning therein. Rather, we agree with the dissenting judge in *Viera* and the remainder of Louisiana jurisprudence which requires the termination of legal proceedings wherein the defamatory statements were allegedly made before plaintiff's cause of action is perfected. We find particularly appropriate to the case at hand the following language enunciated by our brothers on the Second Circuit in *Calvert v. Simon*, 311 So.2d 13 (La.App., 2nd Cir. 1975) at page 17, and adopt it as part of our reasoning herein:

'Louisiana law permits recovery by a party damaged by libelous statements made without probable cause and with malice by another party in a judicial proceeding, but consistent with orderly procedure and the concept of unhampered expression in the course of litigation, requires the party claiming such damage to await the determination of the original proceeding. Although the outcome of the original proceeding may not necessarily determine the issue of whether a party thereto can subsequently recover for libelous statements made therein, in most cases the outcome of the original suit will have a strong bearing on determination of that issue.

Because the rule is so firmly embedded in this state's jurisprudence and because our reappraisal of the rule convinces us of its wisdom, we adhere to it in this case. The suit in which the alleged libelous and slanderous allegations were made and evidence given is still pending and is not finally adjudicated. Plaintiff's cause of action has not yet come into existence and her suit is premature. The judgment sustaining defendants' exception of no cause of action and dismissing plaintiff's suit without prejudice is correct.'

For the above reasons, the decision of the trial court is affirmed at appellant's cost."

See, also: *Union Service & Maintenance v. Powell*, 393 So.2d 94 (La.1980); *Lees v. Smith*, 363 So.2d 974 (La.App. 3rd Cir. 1978); *Joiner v. Wilson*, 377 So.2d 583 (La. App. 3rd Cir. 1979); *Succession of Curtrer v. Curtis*, 341 So.2d 1209 (La.App. 1st Cir. 1976), writ refused, 343 So.2d 201 (1977); *Chas. A. Kaufman Company v. Gregory*, 178 So.2d 300 (La.App. 4th Cir. 1965), writ refused, 248 La. 431, 179 So.2d 273 (1965); *Giordano v. Tullier*, 139 So.2d 15 (La.App. 4th Cir. 1962).

The Fifth Circuit Court of Appeals has also followed the majority rule which was set forth in *Marionneaux v. King*, supra. Thus, in *United States v. New Orleans Chapter, etc.*, 127 F.2d 649 (5 Cir. 1942), cert. granted, 317 U.S. 613, 63 S.Ct. 49, 87 L.Ed. 498, reversed on other grounds, 317 U.S. 562, 63 S.Ct. 393, 87 L.Ed. 458, the court stated:

"It is the law of Louisiana that an action for damages for libel based on defamatory pleadings may not be maintained until termination of the judicial pleadings." 127 F.2d at 651.

In *Fluor Ocean Services, Inc. v. Hampton*, supra, the Fifth Circuit Court of Appeals affirmed and once more adopted the rules followed by the majority of the Louisiana courts that "any cause of action which might arise from defamatory statements made in a judicial action does not arise until after the termination of that proceeding." 502 F.2d at 1170.

For reasons set forth above, the Court finds that defendant's motion to dismiss the libel and slander claim which is set forth in plaintiff's amended complaint should be granted.

Therefore:

IT IS ORDERED that the motion of Hartford Fire Insurance Company to dismiss counterclaim be and it is hereby treated as a motion to dismiss plaintiff's amended complaint and thereafter, defendant's motion to dismiss is hereby granted and plaintiff's claim for libel and slander is hereby dismissed.