SAVOIE, Judge.
This is a suit for declaratory judgment to decide the enforceability of a non-competition agreement between Norman L- Neal (Neal), plaintiff, and Superior Enterprises, Inc. (Superior), defendant. On cross motions for summary judgment, the trial court ruled Neal was not bound by the agreement. The court also denied Superi- or’s request for an injunction restraining Neal from competing with Superior and their request for damages from Neal. Superior appeals and has filed an exception of *1048 no cause of action in this court to Neal’s petition.
On February 10, 1986, Superior and Neal executed a document captioned “Sale of Stock” in which Neal sold his shares of Superior stock back to Superior for cash and a promissory note. As further consideration for the sale of stock, a paragraph contained in the agreement restrained Neal from competing with Superior’s business for a period of five years. Also executed, in a separate document, on February 10, 1986 was a Stock Option Letter Agreement granting Neal the opportunity to repurchase some Superior stock for a period of twelve months. The conditions of the option granted to Neal were:
1) Your option shall be to purchase up to a maximum of the same number of shares owned by William Z. Foust;
2) The price shall be the same price per share that you have sold the stock for and the payment shall be in cash; and
3) You shall notify us in writing of your intention to exercise your option, and the sale shall be closed on or before February 10, 1987.
The facts at this point become disputed. For this reason, we elect to treat the exception of no cause of action at this time.
LSA-C.C.P. art. 2163 allows for the filing of a peremptory exception for the first time in an appellate court provided the exception is filed prior to submission of the case for a decision, and that proof of the ground of the exception appears of record.
The peremptory exception of no cause of action puts at issue whether any remedy is afforded by law to the plaintiff under the allegations contained in the petition. Marionneaux v. King, 331 So.2d 180 (La.App. 1st Cir.1976). No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931 “For the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true.” Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984).
In this case, a judgment, consisting of stipulations agreed upon by and between the parties, was signed by the trial judge on August 24, 1988. This judgment is, in effect, a joint amendment to the pleadings filed in this case. For that reason we will consider those parts of the judgment affecting the petition as well as the petition and two annexed documents in deciding the exception of no cause of action.
The three paragraphs in Neal’s petition for declaratory relief relevant to our determination state:
6.
In December of 1986 and January of 1987, petitioner met with defendant, Foust, and orally advised Foust of his desire to exercise the option rights granted to petitioner. Defendants, Foust and Superior Enterprises, Inc., advised petitioner that they would not honor the Option Agreement and further, that if petitioner attempted to exercise the rights granted to him by the Option Agreement, defendant, Foust, would declare himself a bonus of at least $500,000 in order to transfer the assets of defendant, Superior Enterprises, Inc. to defendant, Foust. Such actions by defendants, Foust and Superior Enterprises, Inc., constituted an anticipatory breach of the Option Agreement, a breach of the obligation of good faith and fair dealing implied in the contractual arrangement between the parties, and violated the standard of conduct imposed by article 1759 of the Louisiana Civil Code.
[[Image here]]
9.
Defendants breached their express and implied obligations imposed by the option agreement. The action was intentional and in bad faith.
[[Image here]]
11.
The non-compete clause contained in the sale of stock agreement is invalid because of the defendants [sic] breach of the option agreement executed contemporaneously with the sale of stock agree *1049 ment. Petitioner would not have executed the sale of stock agreement, which contains the non-compete clause, without having the rights, as granted by the Option Agreement, to regain partial ownership of Superior Enterprises, Inc.[1]
Neal’s prayer then requests:[2]
For a declaration that the non-compete clause in the ‘Sale of Stock’ Agreement is unenforceable because of Superior Enterprises, Inc.’s breach of the stock option agreement executed contemporaneously with the ‘Sale of Stock’ Agreement.
In order to decide whether the breach of the option invalidates the non-competition clause in the sale of stock agreement, we must first determine whether the sale of stock and option are considered to be one contract or two separate contracts. In considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). As the breach of one contract would not affect a totally separate and unrelated contract, we find for purposes of the exception of no cause of action, that the sale of stock agreement and option are parts of one contract, although they are physically two separate documents.
Finding one contract includes both the sale of stock and the option leads us to the question of whether the contract is divisible or indivisible.
LSA-C.C. art. 1815 states:
An obligation is divisible when the object of the performance is susceptible of division.
An obligation is indivisible when the object of the performance, because of its nature or because of the intent of the parties, is not susceptible of division.
After a thorough review of the petition and annexed documents we find the contract to be indivisible for the following reasons. First, the petition states in paragraph three that, “Simultaneous with the execution of the Stock Sale, and in consideration of that sale, Superior Enterprises Inc., ... granted petitioner ... an option....” Secondly, paragraph eleven of the petition states, “Petitioner would not have executed the sale of stock agreement, which contains the non-compete clause, without having the rights, as granted by the Option Agreement, to regain partial ownership of Superior Enterprises, Inc.” The third statement which led us to find the parts of the sale of stock contract were not divisible is contained in exhibit “A” of the petition, the Sale of Stock agreement. It states in pertinent part, “The Seller further acknowledges that he has been informed by the Buyer that the Buyer would not purchase the aforesaid shares of stock, or any part thereof, unless the Seller entered into the agreement and covenants contained in this paragraph regarding non-competition.”
These statements evidence the intent of the parties. We find their intent to have been that the option and non-competition agreements were an integral part of the consideration for the sale of stock and could not be separated from the body of the contract containing the sale of shares of stock. As the parties created one indivisible contract, the breach of the option clause could never give rise to a judgment declaring the non-competition clause invalid without invalidating the entire indivisible *1050 contract. Remedies for .breach of performance of this type obligation include specific performance, damages, or dissolution of the contract. See LSA-C.C. arts. 1986, 1994, and 2013. Since Neal waived his rights to specific performance or damages in the stipulated judgment dated August 24, 1988, his only remaining remedy is dissolution of the entire contract, restoring the parties to the situation existing prior to the contract. See LSA-C.C. art. 2018. This remedy has not been sought. A party cannot obtain the dissolution of a portion of an indivisible obligation. Consequently, the exception of no cause of action must be maintained.
For the above and foregoing reasons, judgment is rendered maintaining the exception of no cause of action and the matter is remanded to the district court for further proceedings in accordance with the provisions of Article 934 of the Code of Civil Procedure. Costs of this appeal are to be borne by plaintiff.
EXCEPTION MAINTAINED; REMANDED

1. The original petition named William Z. Foust as a defendant, along with Superior Enterprises, Inc. The consent judgment of August 24, 1988 dismissed Foust from the suit.

.In his original petition, Neal also asked for the following relief:
1. For a declaration that the non-compete clause in the 'Sale of Stock' Agreement is invalid as being contrary to the public policy of the State of Louisiana and R.S. 23:921;
3. In the alternative, should the non-compete clause not be void, that it be reformed to a permissible scope; »
4. For reasonable attorney fees as provided by the stock option agreement and the Louisiana Civil Code.
However, these claims for relief were dismissed pursuant to the consent judgment of August 24, 1988.