FRUGÉ, Judge.
Plaintiff instituted this action to recover damages he allegedly incurred as a result of a lawsuit filed against him by one of the defendants. The trial court granted an exception of no cause of action filed by defendants, and plaintiff has appealed.
The sole issue on this appeal is whether or not plaintiff’s petition states a cause of action. Plaintiff’s petition states in part:
“8.
“Plaintiff is informed, believes, and therefore alleges that John E. Young colluded and conspired with his co-defendant herein, Ferdie Young, in the filing of the said suit.
9.
“The said suit by Ferdie Young against plaintiff herein was utterly baseless and it flatly contradicted the express provisions of the said contract, which contract was a matter of public record and was even referred to in Ferdie Young’s said suit by its original act number, and which contract *585 was even made part of Ferdie Young’s petition by reference.
10.
“The filing of the said suit was a willfully malicious act on the part of defendants herein and was calculated to humiliate, embarrass, and otherwise damage plaintiff, and to intimidate and coerce plaintiff herein into abandoning his lawful and considerable rights under the said recorded contract of conveyance.
11.
“The filing of the said suit against plaintiff herein was tortious and was a willful and malicious violation of the contractual obligations of both defendants as well as a violation of the contractual rights of plaintiff herein.
12.
“As a result of the willful and malicious filing of the said suit against him, plaintiff herein was required to retain an attorney and to incur considerable expense in connection therewith, and plaintiff herein sustained further great damage by way of mental anguish and emotional trauma which caused and/or aggravated a nervous condition with profound physical manifestations which required medical care and caused great physical and mental pain, suffering, and anguish, and plaintiff also suffered great embarrassment and humiliation therefrom as well as damage to his business and personal reputation.”
Defendants contend that in order to recover damages for malicious prosecution, a plaintiff must show (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff. Blanchard v. Employers Assurance Corp., 197 So.2d 386 (La.App.2d Cir. 1967).
Defendants contend that the plaintiff did not allege the absence of probable cause for the proceeding, and therefore he has not alleged a cause of action. Plaintiff agrees that he must show a lack of probable cause in order to recover. He contends, however, that his allegations that defendants’ suit was “utterly baseless” and “a willfully malicious act on the part of defendants herein and was calculated to humiliate, embarrass, and otherwise damage plaintiff” and similar language elsewhere in his petition, is tantamount to alleging that the suit was without probable cause.
The plaintiff’s contentions are correct. Although the precise words “without probable cause” or “lack of probable cause” were not used in the petition, the use of such language as “utterly baseless” conveyed essentially the same meaning. To require particular words in a particular arrangement to allege a cause of action has been discarded as an undesirable hypertechnical requirement that hinders rather than facilitates substantive justice. There is no compelling reason for such hypertechnical requirements in the instant case where the essential meaning can be conveyed by other language.
In the Blanchard case, supra, which is the only case cited by defendants, at p, 390 the court said: “In the instant case there are no direct nor positive averments to show the defendants in instituting the damage suits aforesaid were actuated by malice. Furthermore, in the absence of affirmative allegations to the contrary, the claimants will be presumed to have acted on advice of counsel and not without probable cause.” The essential issue in that case was whether or not the plaintiffs had alleged that defendants were actuated by malice in filing the suit. The strongest language used in the plaintiffs’ petition in that regard was that the suits “were will *586 fully and negligently instituted” and defendants “failed to use reasonable care.” This was not deemed the equivalent of alleging malice, and properly so.
The court then seemed to say that there must be affirmative allegations that the defendants were not acting on the advice of counsel and that merely alleging the suits were “without probable cause” was insufficient. Inasmuch as that decision was based on the failure to allege malice, and other cases have not required an affirmative allegation that the defendant acted without advice of counsel, that decision is not controlling here.
Therefore, the judgment complained of is reversed, and the case is remanded to the District Court for further proceedings. The costs of this appeal are to be assessed to the defendants-appellees.
Reversed and remanded.