CULPEPPER, Judge.
This is a suit for damages for malicious prosecution. The matter was previously before us on an exception of no cause of action, 232 So.2d 584 (3rd Cir. 1970). We reversed and remanded the case for trial. After a trial on the merits, the district judge awarded plaintiff $750. Defendant has now appealed.
The alleged malicious suit was filed by Ferdie Young on August 26, 1967, through his attorney, Donald Soileau, for the cancellation of a lease. The lease is dated the -day of_, 1961, and recorded on March 4, 1961. It is from John E. Young to his brother, Julius Young, covering one acre of land for the purpose of drilling a rice irrigation well and also a 10-foot wide right of way for an irrigation ditch. The term of the lease is until the well “shall become exhausted and cease to be operated.” The typewritten portion of the lease provides a rental of $5 per year, payable in advance on February 23 of each year.
Attached to the lease is a handwritten receipt, dated February 28, 1961, and signed by the lessor and lessee, which states that “All rental due and to become due under this lease and grant has been paid and no rental is to be paid in the future.”
The suit in question sought to cancel the lease on the grounds: (1) that the rental of $5 per year had not been paid and, alternatively, (2) there was an understanding that the lessee would supply water for irrigating property of the lessor (although this is not written in the lease) and the lessee had failed and refused to furnish water to the lessor.
In the suit, the defendant filed a motion for summary judgment, which was granted, apparently on the basis of the handwritten receipt stating that all of the rent had been paid. Ferdie Young says that although his attorney wanted to appeal the judgment, he decided not to go to any additional trouble or expense.
In the present suit for malicious prosecution, Julius Young alleges that the sole purpose of the suit was to humiliate, embarrass, damage and intimidate him into abandoning his rights under the recorded lease, and that in view of the rent receipt there was no probable cause for the proceeding and he is therefore entitled to damages for malicious prosecution.
A review of the record convinces us that Ferdie Young was acting in good faith on the advice of his attorney. A settled rule of our jurisprudence is that “Where a *837 party has communicated to his counsel all the facts bearing on the case of which he has knowledge, or could have ascertained by reasonable diligence and inquiry, and has acted upon the advice received honestly and in good faith, the absence of malice is established, the want of probable cause is negatived, and the action for malicious prosecution will not lie”, syllabus by the court in Sandoz v. Veazie, 106 La. 202, 30 So. 767 (1901); cited with approval in Blanchard v. Employers Liability Assurance Corp., 197 So.2d 386 (2d Cir. 1967); and Eusant v. Unity Industrial Life Insurance & S. Benefit Association, 195 La. 347, 196 So. 554 (1940).
At the trial of the present case, John E. Young testified it was his understanding that the lessee would furnish him water for a certain portion of his land near the well, but he found out later that the lease did not provide for this. He contacted his attorney, Donald Soileau, and on May 29, 1967 this attorney wrote a letter to Mr. Julius Young requesting “to correct that instrument involving your well within 20 days, or else we will be forced to institute suit to have same corrected.” Then on June 30, 1967, John Young sold the property to Ferdie Young for $50,000.
When he received the letter, Julius Young contacted his attorney, Mr. Paul Tate. On July 24, 1967, Mr. Tate wrote a letter to the new owner, Ferdie Young, enclosing a bank money order for $5, “in full payment of the rental due by Mr. Julius Young for the rice irrigation well lease for the year 1968”, and stating further: “While the lease for 1967 was not paid to Mr. John Young, the nonpayment was pursuant to Mr. John Young’s waiver of the payment of same. Now that you are the owner of the land, and Mr. John Young did not reserve his rights under the lease, on the sale, the lease is due to you and will be paid each year, in advance, during the existence of the contract.”
None of the attorneys testified, but possibly what Mr. Paul Tate was concerned about was that the handwritten receipt for the rent, signed by John Young, may not have been binding on a future purchaser of the land. Hence, out of an abundance of precaution, Tate was sending the rent to Ferdie Young and stating that they would continue to pay the rent each year in the future.
When Ferdie Young received Paul Tate’s letter, he assumed, as any layman would, that some rent was due under the lease and had not been paid, since a bank money order for the rent was enclosed. Ferdie Young testified that he went to see his lawyer, Donald Soileau, and the lawyer advised him to return the money order. After the money order was returned, Mr. Soileau asked for cancellation of the lease. When Julius Young refused, Donald Soi-leau advised Ferdie Young to file suit for cancellation of the lease on the grounds of nonpayment of the rent. In preparation for the trial, Mr. Soileau obtained an affidavit from John Young that no rent had ever been paid under the 1961 lease.
Ferdie Young has very little education. The attorneys asked him to read Paul Tate’s letter, and he missed several simple words. Ferdie testified that prior to the suit he had never read the lease and had never seen the handwritten receipt in which John Young stated that all the rent had been paid and no future rent would be due. Ferdie Young stated that he simply relied on his attorney, Don Soileau, and we think this was perfectly reasonable. He had received the letter from Paul Tate with a money order enclosed for $5 and, as a layman, he understood they were mailing a check to him for rent past due. Of course, he wanted to have the lease canceled because it was an encumbrance on his land. So he went to his attorney, Mr. Soileau, and filed this suit on his advice.
There is no showing that Ferdie Young failed to communicate to his attorney all facts which he knew or should have known. The attorneys did not testify, so *838 there is no contradiction to Ferdie’s testimony that he had never read the lease or the rent receipt and was unaware of their contents.
For the reasons assigned, the judgment appealed is reversed and set aside. Plaintiff’s suit is dismissed at his costs, both in the trial and appellate courts.
Reversed and rendered.