GARRISON, Judge.
Plaintiff, Robert J. Caluda, filed this malicious prosecution action against defendants Western World Insurance Company and James Carter, the attorney representing Western World in a federal court lawsuit filed against Caluda on November 7, 1985. In that case, Caluda, an attorney, filed a lawsuit on behalf of Elbert Cobb against several defendants including Western World Insurance Company. Cobb received a partial judgment in that case but the issue of attorney’s fees was reserved by the trial judge for determination at a later date.
While the attorney’s fees issue was still pending, Caluda filed a petition in state court in order to commence execution of the partial judgment awarded to Cobb and against Western World and another defendant. The state court judge issued a writ of fieri facias directing the sheriff to seize the insurance bonds of Western World and another defendant. The bonds were subsequently seized at which time Western World and the other defendant filed a motion in federal court to stay the execution of a “non-final judgment.” This motion was granted, the sheriff was enjoined from seizing property from these two defendants, and the bonds seized earlier were ordered returned to the two defendants.
On November 7, 1985, Western World filed a suit in federal court against Caluda and Cobb seeking damages for the alleged wrongful seizure of the insurance bond of Western World. Caluda and Cobb filed a motion for summary judgment which was granted by the trial judge. The judge held that Western World did not have a claim for wrongful execution because although the petition for writ of fieri facias cited a non-final judgment, a final judgment was rendered one month later which held Western World liable for the identical amount thereby causing Western World no harm or damages.
In this case, Caluda claims that as a consequence of the federal court lawsuit, he suffered emotional disturbance, anguish, humiliation, loss of business reputation and other damages. He also claims that Carter knew with a reasonable degree of certainty that the litigation was without merit and was utilized solely to harass and intimidate the plaintiff.
On June 9, 1987, the defendants in this case filed an exception of prematurity and/or no cause of action arguing that plaintiff’s lawsuit was premature because the federal court case involving these parties was still pending in the United States Fifth Circuit Court of Appeals. This exception was based on defendants’ argument that an essential element for a successful action for malicious prosecution is the ter *872 mination of civil proceedings which are contended to have been maliciously prosecuted. Because this matter was still pending on appeal, the parties orally consented to dismiss plaintiffs case without prejudice; however, that consent judgment was never reduced to written form or signed by the trial judge.
On October 5, 1987, plaintiff filed a rule to show cause why that oral consent judgment should not be revoked because the Fifth Circuit rendered a decision[1] in the federal court case upon which this malicious prosecution case is based. On January 6, 1988, Carter filed an exception of no cause of action or right of action against the plaintiff claiming that Carter was merely the attorney representing Western World in the federal court case and that plaintiff made no specific allegations that Carter acted outside of his authority with Western World so as to render him personally liable. The trial judge maintained Carter’s exception and dismissed plaintiffs action against Carter with prejudice at plaintiffs costs.
Subsequently, Western World had the case involving the remaining parties, Cabi-da and Western World, removed to federal court. Plaintiff now appeals the judgment maintaining Carter’s exception of no cause or right of action and dismissing plaintiff’s case against Carter.
On appeal, the appellant, Caluda, argues that his petition sufficiently states a cause of action against Carter. In order to establish a cause of action for malicious prosecution, a plaintiff must show: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff. Young v. Young, 232 So.2d 584 (La.App. 3rd Cir.1970); reversed on other grounds at 251 So.2d 835 (La.App. 3rd Cir.1971).
The pertinent sections of plaintiff’s petition are as follows:
3a
On or about the 7th day of November, 1985, the defendant, Western World Insurance Company, through its attorney of record, James Carter, filed a completely frivolous lawsuit in the United States District Court for the Eastern District of Louisiana maliciously with the sole and exclusive purpose of harassing the plaintiff and inflicting upon him an emotional disturbance, anguish, humiliation, and embarrassment.
6
The litigation enumerated above was completely without merit and counsel for the plaintiff in that litigation, defendant herein, James Carter, knew with a reasonable degree of certainty that the litigation was without merit and utilized solely and exclusively to harass and intimidate the plaintiff herein.
7
The litigation was maliciously prosecuted by both James Carter, a counsel, for Western World and Western World Insurance Company.
A reading of plaintiff’s petition including these key paragraphs indicates that plaintiff did not sufficiently allege malice on the part of the defendant Carter so as to sufficiently state a cause of action for malicious prosecution. Plaintiff states that the federal court case was maliciously prosecuted but did not allege the requisite malice. It has been held that merely alleging that the defendant maliciously caused a lawsuit against the plaintiff without further detail does not sufficiently set forth a cause of action for malicious prosecution. Dalton v. Breaux, 510 So.2d 1277 (La.App. 3rd Cir.1987); writ denied at 513 So.2d 293 (La.1987).
Therefore, we find that the trial judge correctly maintained Carter’s exception of no cause of action. Furthermore, *873 plaintiff’s claim in paragraph three that the federal court suit was frivolous does not establish a claim for wrongful prosecution and cannot be construed as an allegation of malice. Spencer v. Burglass, 337 So.2d 596 (La.App. 4th Cir.1976); writ denied at 340 So.2d 990 (La.1977).
Plaintiff argues that before his case is dismissed on an exception of no cause of action, he should be given the opportunity to amend his petition in accordance with LSA-C.C.P. art. 934 which states as follows:
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”
We have reviewed the plaintiffs petition for malicious prosecution and conclude that- there is nothing that could be added in a subsequent amendment that would establish a cause of action for malicious prosecution against defendant Carter.
Finally, in Carter’s pleading on the exceptions, he stated that plaintiff had no cause of action or right of action and the trial judge maintained both exceptions. Although the exception of no cause of action was correctly maintained, the exception of no right of action should not have been maintained. The plaintiff in this case obviously has the capacity to bring a suit for his own personal injuries. See Fanguy v. Duthu, 371 So.2d 1201 (La.App. 1st Cir.1979).
Therefore, we affirm the portion of the trial court judgment maintaining defendant Carter’s exception of no cause of action and dismissing the plaintiff’s action against Carter at plaintiff’s costs and we reverse and set aside the portion of the judgment maintaining Carter’s exception of no right of action.
AFFIRMED IN PART; REVERSED AND SET ASIDE IN PART.

. Cobb v. Miller, 818 F.2d 1227 (5th Cir.1987).