HIGHTOWER, Judge.
In this suit for defamation and/or malicious prosecution, plaintiff, T.A. Grant, III, appeals the sustaining of exceptions of prematurity and no cause of action filed by an attorney and his law firm. We affirm.
FACTS
Plaintiff and his former wife, Suzanne Brunazzi Grant, during the existence of their community property regime, acquired interests in Primos Production (“Primos”), a closely held series of joint business ventures. He served, and has continued to serve, as managing partner of Primos.
After physically separating in August 1986, the couple later obtained a judgment of separation. In 1988, Mrs. Grant, through her attorney, Nyle Politz, filed suit against appellant and the other Primos investors. She alleged that actions by appellant as managing partner constituted mismanagement, misappropriation and conversion of funds attributable to her interest in the ventures. Averring that the defendants had refused to render an accounting, she prayed for such and for her share of any profits earned by the partnership’s business operations. She further sought damages for tortious conversion of monies due.
Prior to receiving an answer, Politz filed an amending and supplemental petition on behalf of his client. That pleading deleted [1] earlier allegations that appellant, the former husband, had secretly withdrawn $1,996,000 in profits attributable to the former community and deposited the funds into an account in his name. The amendments also removed claims both that Mrs. Grant had previously demanded an accounting and that the defendants had refused to provide such a financial report. While deletion of the original petition’s final paragraph expunged Mrs. Grant’s allegation of entitlement to monetary damages, her prayer for such relief remained unchanged.
Exactly a year after the amendment of the original petition, appellant filed the present action for malicious prosecution and/or defamation. It named Mrs. Grant, Politz and his law firm, as defendants, and averred that they had made allegations of misappropriation and conversion with malice and without previous reasonable inquiry. The lawyer and his firm responded with exceptions of prematurity and no cause of action, asserting that the proceedings in which the offending statements arose remained pending. In opposing the exceptions, appellant contended that the deletion of the allegations of “theft, misappropriation and fraud,” coupled with the failure to reurge such assertions prior to the running of prescription, constituted an abandonment of those causes of action and a favorable termination allowing the present suit. Appellant further argued that Politz and his firm, not being parties to the underlying litigation, were not shielded by any requirement for termination of that proceeding.
After reviewing comprehensive briefs and hearing oral argument, the lower court sustained the exceptions upon finding that the original litigation had not terminated. Following dismissal of the present suit without prejudice, this appeal ensued.
DISCUSSION
The essential elements of malicious prosecution differ from those of defamation. See Young Oil Co. of Louisi *917 ana, Inc. v. Durbin, 412 So.2d 620 (La.App. 2d Cir.1982); Caluda v. Western World Ins. Co., 539 So.2d 870 (La.App. 4th Cir.1989); Lees v. Smith, 363 So.2d 974 (La.App. 3d Cir.1978); Young v. Young, 232 So.2d 584 (La.App. 3d Cir.1970). Nevertheless, the two torts share the prerequisite that claims arising from allegations in another suit do not come into existence until the termination of the underlying action. Manuel v. Deshotels, 160 La. 652, 107 So. 478 (1926). See also Carnes v. Atkins Bros. Co., 123 La. 26, 48 So. 572 (1909); Weldon v. Republic Bank, 414 So.2d 1361 (La.App. 2d Cir.1982); Calvert v. Simon, 311 So.2d 13 (La.App. 2d Cir.1975).
Although conceding the pendency of his ex-wife’s action, appellant maintains that he is not required to await termination of that entire proceeding. Rather, he contends, based on the deletions and his prescription argument, that causes of action for theft, fraud, and misappropriation have been terminated in his favor, and that this suffices for the bringing of the present suit. We disagree for three reasons.
First of all, “cause of action” is not synonymous with “action.” Trahan v. Liberty Mutual Ins. Co., 314 So.2d 350 (La.1975); National Surety Corp. v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965); Hayes v. Muller, 243 So.2d 830 (La.App. 3d Cir.1971), writ refused, 258 La. 215, 245 So.2d 411 (1971). In Hope v. Madison, 192 La. 593, 188 So. 711 (1939), our Supreme Court stated:
A cause of action is an act on the part of a defendant which gives rise to a plaintiffs cause of complaint; ‘the existence of those facts which give a party a right to judicial interference in his behalf; ‘the situation or state of facts which entitles a party to sustain an action’.
An “action” is “a demand for the enforcement of a legal right.” LSA-C.C.P. Art. 421; see also Comment (a). An “action,” although initiated, may or may not state a cause of action. Hayes, supra. And, as previously discussed, the present suit cannot be instituted before termination of the original action, i.e., the original suit or proceeding.
Secondly, when reasonably construed, the remaining allegations of the original petition continue to set forth facts that may prove supportive of causes of action enumerated by appellant.
Misappropriation occurs when one wrongfully uses entrusted property of another. See Louisiana State Bar Association v. Haylon, 250 La. 651, 198 So.2d 391 (1967); Ware & Wingate Co., Inc. v. Wingate, 495 So.2d 1334 (La.App. 3d Cir.1986). Fraud is misrepresenting or suppressing the truth for the purpose of gaining an unfair advantage, or causing another a loss or inconvenience. LSA-C.C. Art. 1953. Theft is the misappropriation or taking of anything of value belonging to another, without his consent or by means of fraudulent conduct, practices or representations, with the intent to permanently deprive the other of the object of the misappropriation or taking. LSA-R.S. 14:67. Actually, Mrs. Grant never used the term “theft” in her petition, but made reference to “tortious conversion,” which occurs when one wrongfully commits any act of dominion over the property of another in denial of or inconsistent with the owner’s rights. See Security Home Mortgage Corp. v. Bogues, 519 So.2d 307 (La.App. 2d Cir.1988); Miller v. Harvey, 408 So.2d 946 (La.App. 2d Cir.1981); Theriac v. McKeever, 405 So.2d 354 (La.App. 2d Cir.1981).
Arguably, the original allegations, which depicted appellant moving $1,996,000 from the Primos account to one in his own name and refusing to render Mrs. Grant an accounting, set forth causes of action sounding in misappropriation, fraud, and tortious conversion. More importantly, even after the amending deletions, the remaining assertions allege acts by appellant which would constitute the wrongful taking of profits attributable to Mrs. Grant’s interest. Thus, it cannot be said with certainty that any previously stated causes of action have indeed been abandoned.
Thirdly, contrary to appellant’s argument, prescription runs against actions rather than causes of action. Hayes, su *918 pra. Indeed, irrespective of whether a petition sets forth a cause of action, it will interrupt prescription if it can be characterized, as termed by LSA-C.C.P. Art. 421, a “pleading presenting the demand.” Batson v. Cherokee Beach and Campgrounds, 530 So.2d 1128 (La.1988). And, of course, that interruption continues as long as the suit pends. Id. Furthermore, with the enactment of the Code of Civil Procedure, our courts have shown increasing liberality in permitting amendments not only to amplify the allegations of the original petition, but also to alter the substance of the demand. Giron v. Housing Authority of City of Opelousas, 393 So.2d 1267 (La.1981).
Accordingly, in sustaining the exceptions, the trial court committed no error in relying on the fact that the prior action or proceeding had not terminated. That resolved, we next consider whether appel-lees, the lawyers, are shielded by the rule requiring that the underlying suit be concluded.
Appellant relies on Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708 (1906), in support of his contention that Mrs. Grant’s lawyer and the law firm, not being parties to the other litigation, cannot assert the previously discussed prerequisite. That reliance is misplaced.
The court in Lescale, merely held that the termination rule could not apply where the defamed person was not a party to the underlying litigation. Such an exception does not apply here, however, where the allegedly offended individual, Mr. Grant, indeed is a party to the other action. See Manuel, supra. Under such circumstances, as an essential element of establishing a cause of action against counsel for litigants, a plaintiff must show a resolution of the predicate proceedings. See Ca-luda, supra.
Appellant finally contends that, unless he is allowed to bring his action against appel-lees at this time, his claim will prescribe. We again disagree. His cause of action does not even accrue until the conclusion of the underlying litigation. Manuel, supra; Carnes, supra. See also Union Service & Maintenance v. Powell, 393 So.2d 94 (La.1980).
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed, all costs being assessed against appellant.
AFFIRMED.
APPENDIX
The following paragraphs and prayer of the original petition are here reproduced. Underscoring denotes those paragraphs and words deleted by the amending and supplemental petition:
9.
Since May 1, 1987, defendant THOMAS ARTHUR GRANT, III has had PRIMOS PRODUCTION pay him the sum of $10,-000.00 in cash per month, ostensibly for the operation and management of the business operations.
10.
Petitioner shows that during 1987 defendant THOMAS ARTHUR GRANT, III in his capacity as managing partner, secretly and without informing petitioner, drew off from the profits of the business attributable to the interest owned by the GRANT community the sum of $1,996,-000.00.
Hi
After learning that the defendant managing partner had taken that action, petitioner immediately asserted that it was profits from the co-ownership of partnership assets and demanded an accounting of the net profits.
12.
Petitioner has made amicable demand upon defendant PRIMPS PRODUCTION and defendant THOMAS ARTHUR GRANT, III for her share of the $1,996,-000.00 withdrawn by Managing Partner THOMAS ARTHUR GRANT, III, to no avail.
*919 13,
Defendants have refused to give any accounting regarding the receipt of those sums.
14,
At all times since the commencement of the business operations, defendant PRI-MOS PRODUCTION, through its Managing Partner, defendant THOMAS ARTHUR GRANT, III, was and now is in possession of the assets of the partnership, including the bank accounts at Oua-chita National Bank in Monroe, Louisiana.
15,
On information and belief, petitioner alleges defendant THOMAS ARTHUR GRANT, III has deposited in his own name the funds withdrawn from the partnership bank account attributable to the GRANT community interest.
16,
Petitioner has requested defendant THOMAS ARTHUR GRANT, III to repay the funds so misappropriated, but defendant THOMAS ARTHUR GRANT, III has refused, and still refuses, to repay any of the funds or to account to the partnership for the funds.
17,
Petitioner alleges on information and belief that the other partners, namely defendant CUSTER K. PRIMOS, defendants TRAVIS and SALLY OLIVER, and defendant NAUMAN S. SCOTT, III, knew or should have known that Managing Partner defendant THOMAS ARTHUR GRANT, III had misappropriated the profits attributable to the GRANT community to his own use and had failed to divide those profits with your petitioner.
18.
Petitioner has repeatedly demanded that she be provided with statements of the financial condition of the partnership business, including monthly statements of affairs for operations since January 1, 1988, to no avail.
19.
Since May 1987 defendant PRIMOS PRODUCTION through its managing partner has represented to petitioner that each month the partnership business suffers a great financial loss despite the fact that it was realizing profits during that same time. Defendant THOMAS ARTHUR GRANT, III has concealed and misappropriated plaintiffs share of the profits and refuses to pay plaintiff anything, claiming that no profits are realized.
20.
Petitioner shows that defendant PRI-MOS PRODUCTION is paying all of the proceeds received on a monthly basis out in administrative and operational expenses.
21.
Petitioner shows that the administrative expenses being paid are excessive under the circumstances and constitute mismanagement.
22.
Petitioner shows that the operational expenses are established at such a level as to consume the remainder of the proceeds generated after administrative expenses and are being paid to OFT SERVICE CORP., a corporation ostensibly owned by defendants THOMAS ARTHUR GRANT, III, CUSTER K. PRI-MOS, and TRAVIS and SALLY OLIVER.
23.
The scenario for operations set forth immediately hereinabove was accomplished during May or June 1987 when the partnership known as OFT LEASING (of which petitioner had been a partner) was converted into the corporation OFT SERVICE CORP.
*920 24.
Petitioner has demanded that defendants account for all money received, disbursements made and expenses incurred for the business operations, but defendants have refused, and still refuse, to render an accounting.
25.
On information and belief, petitioner alleges that at various times since January 1, 1987, defendant THOMAS ARTHUR GRANT, III secretly, without the knowledge of petitioner entered into various other transactions concerning and involving the business of the partnership and has secretly misappropriated to his own use the profits realized from such transactions in fraud of the rights of petitioner in this partnership. Petitioner shows that she is being irreparably damaged by the continued depletion of 100 per cent of the proceeds attributable to her interest to operational and administrative expenses, as the sums are being depleted out of the business bank accounts almost immediately upon receipt. Petitioner further shows that because of the severe financial difficulties under which the individual partners find themselves, she will have no adequate remedy at law for lost profits or other damages suffered by her.
26.
Petitioner therefore seeks and is entitled to both a preliminary and permanent injunction enjoining defendants, PRIMOS PRODUCTION, THOMAS ARTHUR GRANT, III, TRAVIS and SALLY OLIVER, CUSTER K. PRIMOS and NAU-MAN S. SCOTT, III, from the disbursement of any sums to the other partners or to OFT SERVICE CORP. until such time as defendants have made an accounting unto petitioner relative to her interest.
27.
Petitioner seeks and is entitled to the issuance of a rule nisi herein directed unto defendants ordering defendants to show cause, if any they can, on a date and time to be set by this Honorable Court, why a preliminary injunction should not issue restraining, enjoining and prohibiting defendants, their agents, employees or other persons acting or claiming on their behalf, or any assignee or successor in interest, from disbursing any of the proceeds received from business operations to any of the partners or OFT SERVICE CORP. pending an accounting of the interest and profits from 1987 and the first six months of 1988 due petitioner, SUZANNE BRUNAZZI GRANT; and further, why in due course a permanent injunction should not issue herein directed unto all defendants identical in form and substance to the preliminary injunction sought immediately hereinabove.
28.
Petitioner further shows that she is entitled to an award of damages for the tortious conversion of moneys (sic) due her by these defendants, and that defendants are liable to her in solido. WHEREFORE, petitioner prays that:
I. Citation issue and service be made upon defendants;
II. A rule nisi issue herein directed unto defendants ordering them to show cause, if any they can, on a date and time to be set by this Honorable Court, why a preliminary injunction should not issue herein restraining, enjoining and prohibiting defendants, their agents, employees or other persons acting or claiming on their behalf, or any assignee or successor in interest, from disbursing any of the proceeds received from business operations to any of the partners or OFT SERVICE CORP. pending an accounting of the interest and profits from 1987 and the first six months of 1988 due petitioner, SUZANNE BRUNAZZI GRANT; and further, why in due course a permanent injunction should not issue *921 herein directed unto all defendants identical in form and substance to the preliminary injunction sought immediately hereinabove.
III. After all legal delays and due proceedings had, there be judgment herein ordering defendants to account for and pay unto petitioner the one-half share of all profits earned by the partnership attributable to the GRANT interests during 1987 and 1988 and/or to pay unto petitioner her share of the partnership misappropriated by defendant and for an award of damages from defendants for the tortious conversion of her interest.
IV. Petitioner be granted all further relief which is just and equitable in these premises.

. See attached appendix which reproduces the content of the original petition, in part, and denotes the deletions.