887 So.2d 14 (2004)
Joseph H. SIMPSON
v.
Jeannette Rose Kinchen PERRY.
No. 2003 CA 0116.
Court of Appeal of Louisiana, First Circuit.
July 14, 2004.
*15 Laurie Rolling Hagan, Metairie, Counsel for Defendant/Appellant Jeannette Rose Kinchen Perry.
William Paul Simpson, Joseph H. Simpson, Amite, Counsel for Plaintiff/Appellee Joseph H. Simpson.
Before: WHIPPLE, PARRO, PETTIGREW, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
By this appeal, a defendant challenges a default judgment, finding her liable for defamation and false light invasion of privacy, and casting her for $50,000 in damages. The salient issue raised on appeal is whether this suit for damages, which is based on allegations contained in another lawsuit, can be instituted before the underlying proceeding is terminated. For the following reasons, we vacate the judgment of the trial court and dismiss the plaintiff's suit without prejudice.
On July 6, 2000, the Succession of Betty Kinchen Bankston was opened in the Twenty-First Judicial District Court in Tangipahoa Parish. Subsequently, Jeannette Rose Kinchen Perry, an heir of Betty Kinchen Bankston, filed a pleading in the succession proceeding, challenging the amount of the legal fee sought by attorney Joseph H. Simpson for his work on the succession. On July 31, 2002, while the succession proceeding was still pending, Simpson filed the instant petition for damages against Perry. Therein, he alleged that various statements made by Perry in the succession proceeding constituted defamation and false light invasion of privacy.
On September 10, 2002, the trial court confirmed a default judgment in favor of Simpson and against Perry in the sum of $50,000. Perry filed a motion for a new trial, which the trial court denied. Perry appealed, challenging the validity of the default judgment. Subsequently, Simpson filed a motion to strike parts of Perry's brief on appeal. That motion was referred to the merits.
The sole basis for seeking damages herein is the allegation that several statements made in the succession proceeding *16 are defamatory or constitute false light invasion of privacy. It is undisputed that, at the time the instant suit for damages was filed and the default judgment was rendered, the underlying action was not terminated. Louisiana courts have consistently held that an action for defamation arising out of allegations made in judicial proceedings and against a party to those proceedings cannot be brought until those proceedings are terminated.[1]Loew's, Inc. v. Don George, Inc., 237 La. 132, 110 So.2d 553, 561 (1959); Nolan v. Jefferson Parish Hosp. Serv. Dist. No 2., 01-0175, p. 8 (La.App. 5 Cir. 6/27/01), 790 So.2d 725, 730; Ballex v. Naccari, 95-0057, p. 2 (La.App. 4 Cir. 6/7/95), 657 So.2d 511, 512; Grant v. Politz, 575 So.2d 915, 917 (La.App. 2 Cir.1991); Thomas v. Mobley, 118 So.2d 476, 483 (La.App. 1 Cir.1960). See also Justice Watson's concurrence in Union Serv. & Maint. Co., Inc. v. Powell, 393 So.2d 94, 99 (La.1980). This rule allows the underlying litigation to proceed in an orderly manner, without the issue of defamation present. Ortiz v. Barriffe, 523 So.2d 896, 898 (La.App. 4 Cir.), writ denied, 531 So.2d 273 (La.1988); Calvert v. Simon, 311 So.2d 13, 17 (La.App. 4 Cir.1975).
The analysis applied in the jurisprudence cited above concerning the requirement that the underlying proceedings be terminated prior to lodging a claim for defamation is not limited to actions for defamation. It has also been applied by the courts where the allegation was that the underlying lawsuit was frivolous, Interdiction of Thomson, 602 So.2d 300, 301 (La.App. 3 Cir.1992), and where the cause of action was malicious prosecution. Grant v. Politz, 575 So.2d 915, 917 (La.App. 2 Cir.1991). We find the analysis equally applicable to claims for false light invasion of privacy. A claim for false light invasion of privacy arises from publicity that unreasonably places the plaintiff in a false light before the public. In analyzing a claim for false light invasion of privacy, the three elements to be considered are a privacy interest, falsity, and unreasonable conduct. Perere v. Louisiana Television Broad. Corp., 00-1656, p. 3 (La.App. 1 Cir. 9/28/01), 812 So.2d 673, 676. Clearly, the claim for such damages can only be litigated after the litigant making the statements has been given the opportunity to prove them in the suit in which they were made and has failed to do so. Therefore, considering the above jurisprudence and the nature of this cause of action, we conclude that an action for false light invasion of privacy arising out of allegations made in a judicial proceeding and against a party to that proceeding cannot be brought until that proceeding is terminated.
The trial court refuted the above jurisprudence in his written reasons by stating: "Ordinarily, an action for defamation [or false light invasion of privacy] arising out of allegations made in judicial proceedings and against a party to those proceedings cannot be brought until those proceedings are terminated. This rule should not apply to allegations contained in those pleadings which are superfluous, gratuitous, and which include factual allegations which are not germane to any cause of action." On appeal, Simpson relies on this theory. Initially, without recounting with specificity the pleadings that constitute the basis of this suit for damages, we note that those pleadings set forth facts concerning the *17 work performed by Simpson, the manner in which the work was performed, the disbursement of the succession assets, and the nature and description of the dispute. All of these are an integral part of and germane to the underlying litigation. The trial court cited no support for this alleged exception to the requirement that the underlying litigation be terminated, and we have found none. Furthermore, we believe that such an exception would undermine the policy considerations of said requirement. Therefore, we find that the trial court's application of this alleged exception is in error, and Simpson's reliance thereon is misplaced.
Because the causes of action asserted in the plaintiff's petition could not arise prior to the final determination of the underlying case, there currently exists no cause of action for the allegations. On our own motion, we notice that the petition fails to state a cause of action. LSA-C.C.P. art. 927. Therefore, we will vacate the judgment of the trial court and dismiss the plaintiff's lawsuit.[2] Furthermore, having disposed of this case on a procedural basis rather than a substantive basis, we find that the motion to strike portions of Perry's appellate brief is moot.
For the foregoing reasons, we vacate the judgment of the trial court and dismiss the plaintiff's suit, without prejudice. Additionally, we deny Simpson's motion to strike. Costs are assessed to Joseph H. Simpson.
MOTION DENIED; JUDGMENT VACATED; CASE DISMISSED WITHOUT PREJUDICE.
PETTIGREW, J., concurs and assigns additional reasons.
WHIPPLE, J., dissents and would affirm the trial court.
GAIDRY and PARRO, JJ., concur.
PETTIGREW, J., concurring.
I agree with the majority, but I further note the following.
In my humble opinion, the trial court committed manifest error in not granting a new trial due to defective service of process of the original petition upon the defendant.
A return of citation is prima facie evidence of service. Billiot Bros., Inc. v. Bercier, 447 So.2d 1090, 1091 (La.App. 1 Cir.1983). The return of the officer on the citation is given great weight, and the burden rests on the party attacking it to establish otherwise by clear and convincing evidence. A return of citation cannot be impeached by the uncorroborated testimony of a single witness, and it cannot be impeached by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer. Jenkins v. Capasso, XXXX-XXXX, p. 4 (La.App. 4 Cir. 2/5/03), 836 So.2d 1286, 1288, writ denied, XXXX-XXXX (La.5/16/03), 843 So.2d 1136.
At the hearing on the motion for new trial, the testimony of the defendant was corroborated in many respects by the deputy who allegedly made the service. The deputy testified he did not know who the defendant was prior to said suit, and could not identify her from pictures or in the courtroom at the time of the hearing. He indicated he served a woman in the front yard of the house, but never verified the woman's identity. There was a hundred yard gap between the street and the house. He also testified the old farm house was the subject address, when, in *18 fact, the defendant's residence was in a mobile home behind the farm house.
Following my review of the record, I am of the opinion that the trial court should have granted a new trial based on defective service of process.
NOTES
[1] We note that Simpson clearly has a direct monetary interest in the underlying litigation as an issue has been raised regarding the reasonableness of Simpson's attorney's fees in the succession proceeding. Further, Simpson's potential cause of action arises from these allegations regarding the reasonableness of the attorney's fees.
[2] Considering our disposition of this issue, the remaining issues raised on appeal are moot.